## MEMORANDUM OF UNDERSTANDING REGARDING

## NEOMEDIC TVM SETTLEMENT PROGRAM

Neomedic International, S.L.[1], Desarrollo e Investigación Médica Aragonesa, S.L. ("DIMA")[2], and Specialties Remeex, International, S.L.[3], (collectively "Neomedic") hereby enter into this Memorandum of Understanding ("MOU") on their own behalf and on behalf of Neomedic, Inc.[4] (with Neomedic International, S.L., DIMA and Specialties Remeex, International, S.L. , shall be collectively referred to herein as "Neomedic"), and agree to offer a settlement for all known claimants who have had implanted one or more Neomedic Pelvic Repair System Product(s)[5] ("Implant Claimant") or are asserting a claim on behalf of such Implant Claimant who is not legally capable of asserting her own claim (collectively, "Claimants"), as well as any and all consortium and derivative claimants, consistent with the terms set forth herein (the "Settlement Program" or the "Program").  The terms of the Program are the following:

### I.     CONSIDERATION

In consideration of participating Claimants' and any and all consortium and derivative claimants' releases of Neomedic and other Released Parties[6] of all past, existing, and future claims

---

[1] Neomedic International, S.L. is a corporation organized and existing under the laws of the Kingdom of Spain maintaining its principal place of business at C/Maestrat, 41-43 Terrassa, Barcelona, Spain 08225.

[2] DIMA is a corporation organized and existing under the laws of the Kingdom of Spain maintaining its principal place of business at Poligono Industrial Mediavega Parcela 2.9, Calatayud, Zaragoza, Kingdom of Spain 50300.

[3] Specialties Remeex International, S.L. ("SRI") is a corporation organized and existing under the laws of the Kingdom of Spain maintaining its principal place of business at C/Tren De Baix, 55 Baixos Terrassa, Barcelona, Kingdom of Spain 08223.  SRI is registered with the FDA as the owner/operator of Neomedic International.

[4] Neomedic Inc. was a corporation organized and existing under the laws of Florida, with its principal place of business at 2655 Le Jeune Road, #810, Coral Gables, Florida, 33134. Defendant Neomedic Inc. was the United States headquarters of Neomedic International, S.L.

[5] Contasure Needleless Sling System, Needleless Sling System, Remeex System/TRT Remeex System, KIM System, Uplift, and Surelift, as well as any variations of these products and any unnamed Neomedic pelvic repair system product designed and sold for similar purposes, as well as any variations of said products, past or present.

[6] The term "Released Parties" shall have the meaning and include the parties set forth in the Release, attached hereto as Exhibit A.  No parties other than the Released Parties are being released as part of the Settlement Program or

relating to Neomedic Pelvic Repair System Product(s) implanted on or before the date of execution of the release, in the form attached hereto as Exhibit A ("Release"), which Neomedic's counsel and MDL 2511 Co-Lead Counsel has approved as to form and content, Neomedic will cause its insurer, Columbia Casualty Company, to deposit into the Settlement Trust, as defined in Section III.A below, the full remaining amount[7] of Neomedic's liability insurance policy (the "Settlement Amount"), subject to the Program's terms, as set forth in this MOU.

The allocation, division, and distribution of the Settlement Amount amongst Registered Claimants, as defined in Section II.B below, is the responsibility of the trustee of the Settlement Trust (the "Trustee"), as defined in Section III.A below.  Ethan P. Greene, Esq., appointed as Special Master in MDL No. 2511[8] (the "Special Master"), and Reisman Karron Greene LLP shall not be liable for the allocation, division, or distribution of the Settlement Amount among and between Registered Claimants, which for each individual Registered Claimant shall be the "Allocated Amount".  Neither Neomedic nor the Potts Law Firm, the Burnett Law Firm, and Fleming, Nolen & Jez, L.L.P., by and through Derek Potts, Esq., Riley Burnett, Esq., and Karen Beyea-Schroeder, Esq. (individually and collectively, "MDL 2511 Co-Lead Counsel") shall be responsible for or liable for, or participate in, the allocation, division, or distribution of the Settlement Amount among and between Registered Claimants.

---

any Claimant's, and if applicable other Releasing Party's, execution of a Release.  All Releasing Parties reserve all of their rights, if any, with respect to any parties that are not Released Parties.

[7] As of November 16, 2015, the full remaining amount of Neomedic's liability insurance policy with Columbia Casualty Company is estimated to be $2,192,277.

[8] *In re Neomedic Pelvic Mesh Repair System Products Liability Litigation*, MDL No. 2511.  Ethan P. Greene, Esq. has been appointed as Special Master by the United States District Court, Southern District of West Virginia, in Pretrial Order No. 16, MDL 2511, and reaffirmed nunc pro tanc in Pretrial Order No. 17.  The Special Master's authority and terms of compensation are governed by order of the Court.

## II.    PROCESS

### A.  Registration

Claimants' legal counsel (or the Claimant, if unrepresented) shall register a Claimant to participate in the Program by submitting to the Trustee a Registration Form, attached hereto as Exhibit B-1 (for Claimants represented by Counsel) and Exhibit B-2 (for Claimants unrepresented by counsel), documentation of implant of one or more Neomedic Pelvic Repair System Product(s) for each Implant Claimant, and, if applicable, documentation of each surgical procedure performed under general or regional anesthesia to treat a condition related to the implant of one or more Neomedic Pelvic Repair System Product(s) (collectively, the "Registration Documentation").  The Trustee shall provide to Neomedic, MDL 2511 Co-Lead Counsel, Shapiro Settlement Solutions (the "Lien Resolution Administrator"), and the Special Master copies of all Registration Documentation.   If there are any issues regarding the sufficiency of the Registration Documentation, Neomedic shall raise such issue within ten days of receiving the documentation from the Trustee by providing written notice to the Trustee, MDL 2511 Co-Lead Counsel, and the Special Master.  The Special Master shall promptly resolve any such issues and provide written notice to Neomedic, the Trustee, and MDL 2511 Co-Lead Counsel of the resolution, with the Special Master's decision being final and not subject to appeal.  As a condition of registering to participate in the Program, Claimants shall agree to the stay process set forth in Section VI.

### B.  Program Registration Deadline and Registration Threshold

The deadline for registering to participate in the Program shall be December 18, 2015, unless otherwise extended in writing by Neomedic, after consultation with MDL 2511 Co-Lead Counsel and the Special Master (the "Registration Deadline").  A Claimant who timely and validly registers shall be a "Registered Claimant".  By November 25, 2015, Neomedic, MDL 2511 Co-

Lead Counsel, and the Special Master shall identify to the Trustee all Claimants, and provide any Registration Documentation in their possession for such Claimants. By January 31, 2016, Neomedic, MDL 2511 Co-Lead Counsel, and the Special Master shall provide the Trustee additional Registration Documentation obtained after their initial submission to the Trustee.

By December 31, 2015, the Trustee shall provide written notice to Neomedic, the Special Master, and MDL 2511 Co-Lead Counsel of: (i) the names of all Registered Claimants; and (ii) the names of all Claimants who have been identified to the Trustee as asserting or having asserted a claim, or on whose behalf a claim is being or has been asserted, involving a Neomedic Pelvic Repair System Product, but who were not timely and validly registered ("Non-Registered Claimants"). By January 8, 2016, Neomedic shall notify in writing the Trustee, MDL 2511 Co-Lead Counsel, and the Special Master if they have any issues regarding the number and identity of the Registered Claimants or Non-Registered Claimants. In the event Neomedic timely provides written notice of such an issue, the Special Master shall resolve it and provide by January 19, 2016 written notice to Neomedic, the Trustee, and MDL 2511 Co-Lead Counsel of the resolution, with the Special Master's decision being final and not subject to appeal.

The Registration Threshold shall be satisfied if, as of the Registration Deadline, the number of Registered Claimants is at least 90% of the sum of the number of Registered Claimants plus Non-Registered Claimants. In the event that the Registration Threshold is not satisfied, Neomedic, in its sole discretion, may choose to terminate the Program by notifying in writing the Trustee, the Special Master, and MDL 2511 Co-Lead Counsel on or before January 22, 2016 of its decision to terminate the Program. If Neomedic does not notify in writing the Trustee of its decision to terminate the Program on or before January 22, 2016, it waives its right to terminate the Program.

Provided that the Registration Threshold is satisfied or, in the event that the Registration

Threshold is not satisfied but Neomedic does not exercise its right to terminate the Program, a Claimant who has not previously become a Registered Claimant may register by submitting the Registration Documentation and thus become a Registered Claimant at any time on or before January 31, 2016, if such Claimant submits the Registration Form and Registration Documentation by January 31, 2016.  Any previously Registered Claimant may also provide to the Trustee, by January 31, 2016, additional medical records, which shall be considered part of the applicable Registered Claimant's Registration Documentation.  Consistent with Section II.A above, the Trustee shall provide to Neomedic, MDL 2511 Co-Lead Counsel, the Lien Resolution Administrator, and the Special Master copies of all Registration Documentation received after the Registration Deadline and by the January 31, 2016 deadline.  If there are any issues regarding the Registration Documentation, Neomedic shall raise such issue within five days of receiving the Registration Documentation from the Trustee.  The Special Master shall promptly resolve any such issues and provide written notice to Neomedic, the Trustee, and MDL 2511 Co-Lead Counsel of the resolution, with the Special Master's decision being final and not subject to appeal.

### C.  Points and Allocations

Upon confirmation of satisfaction or waiver of the Registration Threshold, the Trustee shall review the Registration Documentation.  The Trustee shall assign one point to each Registered Claimant who has provided proof of one or more Neomedic Pelvic Repair System Product(s) implanted in such Registered Claimant (or, in the event a Claimant has timely and validly registered on behalf of an Implant Claimant who is not legally capable of asserting her own claim, proof of one or more Neomedic Pelvic Repair System Product(s) implanted in such Implant Claimant).  In addition, the Trustee shall assign four points to each Registered Claimant for each surgical procedure performed on the relevant Implant Claimant under general or regional

anesthesia to treat a condition related to the implant of one or more Neomedic Pelvic Repair System Product(s).

No later than February 12, 2016, the Trustee shall notify Neomedic, each Registered Claimant's counsel (or, if unrepresented by counsel, the Registered Claimant) of the points assigned to each Registered Claimant.  No later than February 26, 2016, a Registered Claimant may request reconsideration of the points assigned by the Trustee to such Registered Claimant by providing notice in writing to the Trustee, and providing all documentation in support of the request, which the Trustee shall provide to the Special Master within five days of the Trustee's receipt of such documentation.  No later than March 11, 2016, the Special Master shall notify the Trustee of the Special Master's decision on all timely requests for reconsideration, if any.  The Special Master's decision regarding any requests for reconsideration shall be final and not subject to appeal.  The Trustee immediately shall notify the Registered Claimant's counsel (or the Registered Claimant, if unrepresented) of the Special Master's decision.

The Trustee shall calculate the difference between the Settlement Amount minus the Initial Administrative Costs and minus the Subsequent Administrative Costs, as defined in Section III.B below (collectively, Initial Administrative Costs and the Subsequent Administrative Costs are the "Total Administrative Costs") and then divide that amount by the sum of the number, as of January 31, 2016, of all Registered Claimants plus all Non-Registered Claimants, in order to obtain the per claim average (the "Per Claim Average").  The Per Claim Average times the number of Non-Registered Claimants as of January 31, 2016 shall be the "Non-Registered Claimant Amount". The Trustee shall calculate the dollar value of each point (the "Dollar Point Value") by calculating the difference between the Settlement Amount minus the Total Administrative Costs minus the Non-Registered Claimant Amount, and then divide that number by the total number of points

assigned to all Registered Claimants.  By March 18, 2016, the Trustee shall calculate the Allocated Amount for each Registered Claimant by multiplying a Registered Claimant's points times the Dollar Point Value.  By March 18, 2016, the Trustee shall provide written notice of the Allocated Amount and Release to each Registered Claimant's counsel (or the Registered Claimant, if unrepresented).

### D.  Releases and Release Threshold

Registered Claimants shall have until May 13, 2016 (the "Release Deadline"), to provide to the Trustee to hold in escrow, a valid Release executed by the Registered Claimant and each and every consortium and derivative claimant who is a party to a civil action against Neomedic on the basis of the Implant Claimant's having had implanted one or more Neomedic Pelvic Repair System Products, unless otherwise waived by Neomedic, and, if applicable, a motion to dismiss with prejudice any lawsuit pending against Neomedic or any other Released Parties related to a Neomedic Pelvic Repair System Product(s) (the "Release Documentation").  Each signatory to the Release shall have her or his signature witnessed by another person and shall include a copy of a government-issued photographic identification as part of the Release Documentation, except that any signatory residing in New Mexico shall be required to have her or his signature properly notarized.  Within ten days of the Trustee's receipt of the Release Documentation, the Trustee shall notify Neomedic and the Registered Claimant's counsel (or the Registered Claimant, if unrepresented) of any deficiencies in the Release Documentation (*i.e.*, the Release is not valid or executed), and provide an opportunity to cure such deficiencies.  By May 24, 2016, the Trustee shall certify in writing to Neomedic, the Special Master, and MDL 2511 Co-Lead Counsel:  (i) the names of all Registered Claimants who timely submitted valid and complete Release Documentation; (ii) the names of all Registered Claimants who timely submitted deficient Release

Documentation and, as of May 25, 2016, did not cure the deficiency; (iii) the names of all Registered Claimants who did not timely submit any Release Documentation; and (iv) the Release Rate, which shall be the number of Registered Claimants who timely submit Release Documentation (whether or not valid and complete) divided by the number of Registered Claimants (collectively, the "Release Certification").  Neomedic and MDL 2511 Co-Lead Counsel shall have ten days from the date of the Trustee's Release Certification to provide written notice to the Trustee, the other party, and the Special Master of any issue with the Trustee's Release Certification.  In the event of any such dispute, the Special Master shall resolve the issue and notify the Trustee, Neomedic, and MDL 2511 Co-Lead Counsel of such resolution, which shall be final and not subject to appeal.  The Trustee promptly shall issue an amended Release Certification.

The Release Threshold shall be satisfied if, after the resolution of any issues, the Release Rate as of the Release Deadline is 90% or greater.  If the Release Threshold is not satisfied, Neomedic, in its sole discretion, may choose to terminate the Program by so notifying in writing the Trustee, the Special Master, and MDL 2511 Co-Lead Counsel within ten days of receipt of the Trustee's Release Certification (or, if there are any disputes, within ten days of receipt of the Trustee's amended Release Certification).  If Neomedic does not provide written notification of its termination of the Program to the Trustee, the Special Master, and MDL 2511 Co-Lead Counsel within ten days of receipt of the Trustee's Release Certification, Neomedic waives its right to terminate the Program.  Provided that the Release Threshold is satisfied or Neomedic does not exercise its termination rights, within 15 days of the Trustee's Release Certification, or, if applicable, amended Release Certification, the Trustee shall provide the originals of all valid and complete Release Documentation to Neomedic.

If the Release Threshold is satisfied or Neomedic does not exercise its termination rights

despite the Release Threshold not being satisfied, Registered Claimants who did not timely submit valid and complete Release Documentation shall have until October 31, 2016 to submit valid and complete Release Documentation.  On the last business day of each month, beginning in June 2016 and through October 2016, the Trustee shall certify in writing to Neomedic, the Special Master, and MDL 2511 Co-Lead Counsel the names of all Registered Claimants who submitted valid and complete Release Documentation after satisfaction or waiver of the Release Threshold (each a "Subsequent Release Certification").  Neomedic and MDL 2511 Co-Lead Counsel shall have five days from the date of each Subsequent Release Certification to provide written notice to the Trustee, the other party, and the Special Master of any issue with such Subsequent Release Certification.  In the event of any such issue, the Special Master shall resolve the issue and notify the Trustee, Neomedic, and MDL 2511 Co-Lead Counsel of such resolution, which shall be final and not subject to appeal.  The Trustee promptly shall then issue an amended Subsequent Release Certification.  The Trustee shall thereafter promptly provide Neomedic with the originals all valid and complete Release Documentation for Registered Claimants appearing on a Subsequent Release Certification.

## III.    PAYMENTS AND COSTS

### A.  Establishment of and Payments into the Settlement Trust

Within ten days after the Registration Threshold being satisfied (or waived), Neomedic and MDL 2511 Co-Lead Counsel shall file a trust agreement, substantially in the form attached hereto as Exhibit C, with the United States District Court, Southern District of West Virginia, MDL 2511 ("Court").  Neomedic and MDL 2511 Co-Lead Counsel have selected Scott Freeman of the Settlement Alliance to be the trustee of the Settlement Trust (the "Trustee").  Upon the Court's approval, Neomedic, MDL 2511 Co-Lead Counsel, and the Trustee will execute the trust

agreement (the "Trust Agreement"), thereby creating a trust, which shall be structured and operated in a manner so that it qualifies as a "qualified settlement fund" under section 468B(d)(2) of the Internal Revenue Code of 1986, as amended (the "Code") and Treasury Regulation §1.468B-1 (the "Settlement Trust" or "Trust").  The Settlement Trust shall be held at Amegy Bank, a federally insured depository institution.  Within 15 days of the establishment of the Trust, Neomedic shall cause its insurer Columbia Casualty Company to deposit the Settlement Amount into the Trust.

### B.  Administrative Costs

Prior to issuance of a Release Certification or amended Release Certification reflecting satisfaction of the Release Threshold (or, if applicable, prior to the date that Neomedic waives satisfaction of the Release Threshold), Fifteen Thousand Dollars ($15,000.00) of the Settlement Amount ("Initial Administrative Costs") may be used to pay for administrative fees, costs, and expenses incurred to implement the Program.  The Initial Administrative Costs consist of Fifteen Thousand Dollars ($15,000.00) of fees, costs, and expenses of the Trustee to perform his duties as set forth in this MOU and the Trust, including payment of administrative expenses and costs set forth in Section 4-2(d) of the Trust Agreement.  Payment of the amount of fees, costs, and expenses incurred by the Trustee shall be subject to the written agreement of Neomedic and MDL 2511 Co-Lead Counsel.  If Neomedic or MDL 2511 Co-Lead Counsel dispute the amount of fees, costs, and expenses incurred by the Trustee, the disputed amounts shall be determined by the Special Master, with such decision being final and not subject to appeal.

Upon issuance of a Release Certification or amended Release Certification reflecting satisfaction or waiver of the Release Threshold, an additional Ten Thousand Dollars ($10,000.00) of the Settlement Amount ("Subsequent Administrative Costs") may be used to pay for

administrative fees, costs, and expenses incurred to implement the Program.  Subsequent Administrative Costs shall consist of an additional Ten Thousand Dollars ($10,000.00) of fees, costs, and expenses of the Trustee to perform his duties as set forth in this MOU and the Trust Agreement, including payment of administrative expenses and costs set forth in Section 4-2(d) of the Trust Agreement.  Payment of such amounts shall be subject to the written agreement of Neomedic and MDL 2511 Co-Lead Counsel.  If Neomedic or MDL 2511 Co-Lead Counsel dispute the amount of fees, costs, and expenses incurred by the Trustee, the disputed amounts shall be determined by the Special Master, with such decision being final and not subject to appeal.

### C.  Payments from the Settlement Trust to or on Behalf of Releasing Parties

Provided that the Release Threshold is satisfied or Neomedic waives its termination rights, within 15 days of the Trustee's Release Certification, or, if applicable, amended Release Certification, the Trustee shall pay to a Claimant's counsel, as agent of the Claimant, or directly to the Claimant if unrepresented, the Allocated Amount for such Claimant reflected on the Release Certification or, if applicable, amended Release Certification as having timely submitted valid and complete Release Documentation.  Within ten days of each Subsequent Release Certification or, if applicable, amended Subsequent Release Certification, the Trustee shall pay to each Claimant's counsel, as agent of the Claimant, or directly to the Claimant if unrepresented, the Allocated Amounts for such Claimant reflected on such Subsequent Release Certification or, if applicable, amended Subsequent Release Certification as having submitted valid and complete Release Documentation.  Payment by the Trustee to each Claimant's counsel, as agent of a Claimant, or directly to a Claimant if unrepresented, shall be subject to reductions necessary to comply with any common benefit assessment that may be ordered by the Court and of any amounts necessary to satisfy Liens And Other Interests, as provided in Section IX of this MOU.

No later than November 30, 2016, the Trustee shall provide Neomedic, the MDL 2511 Co-Lead Counsel, and the Special Master an accounting of the fees, costs, and expenses incurred in administering the Program, which shall include all the fees, costs, and expenses incurred by the Trustee and the Lien Resolution Administrator, and an estimate of any and all fees, costs, and expenses necessary to conclude the Trust (together the "Actual Administrative Costs"), as determined by the Trustee after consultation with Neomedic's counsel and MDL 2511 Co-Lead Counsel.  If Neomedic or MDL 2511 Co-Lead Counsel dispute the amount of fees, costs, and expenses incurred by the Trustee or the Lien Resolution Administrator, or the Trustee's estimate of any and all fees, costs, and expenses necessary to conclude the Trust, the disputed amounts shall be determined by the Special Master, with such decision being final and not subject to appeal.

### D.  Other Payments from the Settlement Trust

The Trustee shall transfer to the recipient(s) jointly designated in writing by Neomedic and Columbia Casualty Company the Non-Registered Claimant Amount, if any, as jointly directed in writing by Neomedic and Columbia Casualty Company on the later of February 29, 2016 or within seven days of the Trustee's receipt of the joint written directions from Neomedic and Columbia Casualty Company.

Should the Release Threshold not be satisfied or waived, within ten days of Neomedic's written notice of its termination, the Trustee shall provide an estimate of any administrative costs necessary to conclude the Trust, as determined by the Trustee after consultation with Neomedic's counsel and MDL 2511 Co-Lead Counsel.  If Neomedic or MDL 2511 Co-Lead Counsel dispute the Trustee's estimate, the amount shall be determined by the Special Master, with such decision being final and not subject to appeal.  The Trustee shall terminate the Settlement Trust within thirty days of Neomedic's written notice of its exercise of its termination rights, including making

payment of Initial Administrative Costs incurred as of the date of Neomedic's written notice of its exercise of its termination rights and the estimated costs necessary to conclude the Trust, and transferring the remaining funds as jointly directed in writing by Neomedic and Columbia Casualty Company.

Should the Release Threshold be satisfied or waived in writing by Neomedic, the Trustee shall transfer to the recipient(s) jointly designated in writing by Neomedic and Columbia Casualty Company the sum of the Allocated Amounts for each Registered Claimant who timely did not submit to the Trustee valid and complete Release Documentation on the later of November 30, 2016 or within seven days of the Trustee's receipt of the joint written directions from Neomedic and Columbia Casualty Company.

## IV.  COST OF DEFENSE AND OTHER NEOMEDIC OBLIGATIONS

Prior to executing this MOU, Neomedic provided to MDL 2511 Co-Lead Counsel written confirmation of any and all insurance policies held by Neomedic International, S.L., Neomedic, Inc., DIMA, and Specialties Remeex, International, S.L, and documentation of each Neomedic entity's financial documents through October 31, 2015.  MDL 2511 Co-Lead Counsel's execution of this MOU was expressly conditioned upon Neomedic's written confirmation, under penalty of perjury, that no additional insurance proceeds are available (or if they are, upon the tendering of such funds to the Trust), and of, as of November 16, 2015, the full remaining amount of Neomedic's liability insurance policy with Columbia Casualty Company.  If it subsequently is determined that additional insurance coverage exists, Neomedic shall cause such insurer to transfer the funds in the insurance policy to the Trust.  If there is any dispute as to the availability of additional insurance proceeds, the dispute shall be resolved by the Special Master, whose decision shall be final and not subject to appeal.  Except for any such additional insurance coverage,

Neomedic shall have no further payment obligations under the Program other than the Settlement Amount.

Immediately upon executing this MOU, Neomedic shall forego making any claim of payment or reimbursement of fees or costs upon Columbia Casualty Company relating to the defense of any claims related to a Neomedic Pelvic Repair System Product except as otherwise provided in this paragraph.  Neomedic may thereafter only be permitted to request from Columbia Casualty Company the payment or reimbursement of fees or costs relating to the defense of any claims related to a Neomedic Pelvic Repair System Product as follows:

(i)     Should Neomedic exercise its termination right if the Registration Threshold is not satisfied or waived, Neomedic is permitted to make a claim of payment or reimbursement of fees or costs incurred after Neomedic's exercise of its termination right upon Columbia Casualty Company relating to the defense of any claims related to a Neomedic Pelvic Repair System Product within five days of providing written notice of its termination of the Program as set forth in Section II.B of this MOU.

(ii)    Should the Trustee transfer to the recipient(s) jointly designated in writing by Neomedic and Columbia Casualty Company the Non-Registered Claimant Amount, Neomedic is permitted to make a claim of payment or reimbursement of fees or costs upon Columbia Casualty Company relating to the defense of any claims related to a Neomedic Pelvic Repair System Product at any time between the date five days after the Trustee's transfer of the Non-Registered Claimant Amount and the date five days after Neomedic provides written notice of its termination of the Program as set forth in Section II.B of this MOU, or, if the

Release Threshold is satisfied or waived, on November 30, 2016.  The aggregate sum of any such claims by Neomedic pursuant to this paragraph can be no more than the Non-Registered Claimant Amount.

(iii)   Should Neomedic exercise its termination right if the Release Threshold is not satisfied, Neomedic is permitted to make a claim of payment or reimbursement of fees or costs incurred after Neomedic's exercise of its termination upon Columbia Casualty Company relating to the defense of any claims related to a Neomedic Pelvic Repair System Product no sooner than five days of providing written notice of its termination of the Program as set forth in Section II.D of this MOU. Neomedic is only permitted to make such a claim of payment or reimbursement of fees or costs incurred after Neomedic's exercise of its termination pursuant to this paragraph in the amount of the Settlement Amount minus the Initial Administrative Costs and any costs necessary to conclude the Trust.

(iv)   Should the Release Threshold be satisfied or waived, Neomedic is permitted to make a claim of payment or reimbursement of fees or costs incurred after the Trust is concluded upon Columbia Casualty Company relating to the defense of any claims related to a Neomedic Pelvic Repair System Product at any time five days after the Trustee transfers to the recipient(s) jointly designated in writing by Neomedic and Columbia Casualty Company the sum of the Allocated Amounts for each Registered Claimant who timely did not submit to the Trustee valid and complete Release Documentation providing written notice of its termination of the Program as set forth in Section III.D of this MOU.  Neomedic may only be permitted to make such a claim of payment or reimbursement in the amount of the

sum of the Allocated Amounts for each Registered Claimant who timely did not submit to the Trustee valid and complete Release Documentation.

## V.   JURISDICTION

Neomedic and MDL 2511 Co-Lead Counsel agree that this MOU and/or the Program, and any actions undertaken by Neomedic in the negotiation, execution, satisfaction, or implementation of this MOU or the Program shall not constitute, nor be construed as constituting, any Neomedic entity's consent to its appearance in any lawsuit involving a Neomedic Pelvic Repair System Product nor a waiver of service for any complaint, whether past, present, or future.

## VI.   STAY

Neomedic and MDL 2511 Co-Lead Counsel hereby agree to continue to take all steps necessary to stay all discovery in MDL 2511.

As a condition of registering to participate in the Program, each Registered Claimant shall agree promptly to take all steps necessary to stay his or her lawsuit(s), including the claims of any and all consortium and/or derivative claimants, as to Neomedic, including requesting that applicable courts vacate any trial date in his or her case involving a Neomedic Pelvic Repair System Product, defer or hold in abeyance any currently pending motions related to Neomedic or his or her claims against as to Neomedic, and discovery relevant to his or her claims involving a Neomedic Pelvic Repair System Product, including any such discovery directed to Neomedic, pending final resolution of his or her claims in his or her such case. Each Registered Claimant shall agree to seek to maintain or extend such stays as to each such case so long as the Registered Claimant has not rejected any individual settlement offer and until the Registered Claimant provides a Release and dismisses the case as to Neomedic, or until a Registered Claimant notifies Neomedic and the Special Master in writing that such Registered Claimant is not accepting a

settlement offer; provided that in the latter instance, the stay shall last 60 days after receipt of such written notice by Neomedic and the Special Master.

## VII.     TOLLING OF STATUTE OF LIMITATIONS AND STATUTE OF REPOSE

Neomedic agrees that the statute of limitations and statute of repose is tolled for each Registered Claimant, including any consortium or derivative claims associated with such Registered Claimant, from the date such Registered Claimant registers to participate in the Program until the Registered Claimant provides written notice to Neomedic and the Special Master that such Registered Claimant is not accepting a settlement offer or Neomedic provides written termination of the end of the tolling.  To the extent any Registered Claimant is already subject to a tolling agreement with Neomedic, the tolling provision of this MOU shall not affect the start date of the original tolling agreement and the statute of limitations and statute of repose for such Registered Claimant shall be tolled from the original start date until the Registered Claimant provides written notice to Neomedic and the Special Master that such Registered Claimant is not accepting a settlement offer or Neomedic provides written termination of the end of the tolling. The tolling of the statute of limitations and statute of repose shall not be a basis for reviving a claim that is barred by the statute of limitations and statute of repose prior to the date of registration.  Once written notice of termination is given, the tolling will expire 60 days thereafter.

## VIII.    RELEASE AND OTHER PROTECTIONS

A valid, executed Release must be provided to Neomedic by a Registered Claimant, and any consortium and/or derivative claimant(s) who is a party to a civil action prior to payment in respect of any claim by that Registered Claimant and any consortium or derivative claimants.  The Release shall provide that, in consideration of the benefits provided under the settlement, the Registered Claimant and any consortium and/or derivative claimant(s) who is a party to a civil

action prior to payment in respect of any claim by that Registered Claimant and any consortium or derivative claimants release fully and finally all claims, differences and controversies by and between Neomedic, on the one hand, and Registered Claimant and any consortium and/or derivative claimants who is a party to a civil action prior to payment in respect of any claim by that Registered Claimant and any consortium or derivative claimants, on the other hand, that exist, have existed, or may exist in the future and which arise out of, are due to, result from, or relate in any way, directly or indirectly, to the implantation of Neomedic Pelvic Repair System Products prior to the date the Registered Claimant and any consortium and/or derivative claimant(s) who is a party to a civil action prior to payment in respect of any claim by that Registered Claimant and any consortium or derivative claimants sign the Release.

Neomedic and MDL 2511 Co-Lead Counsel agree that in the event that Medicare, a state or territorial Medicaid agency, any other federal, state, or local governmental entity, any other healthcare provider or third party payer, or any other entity, asserts and recovers from Neomedic for medical or other liens, indemnity, rights of reimbursement, conditional or other payments, rights of subrogation or similar claims[9] which arise out of, are due to, result from, or relate in any way, directly or indirectly, to the implantation of Neomedic Pelvic Repair System Products prior to the date a Registered Claimant signs the Release or in the proceeds of the settlement thereof ("Liens And Other Interests"), Neomedic will be indemnified by such Registered Claimant in an amount not to exceed the applicable Registered Claimant's Allocated Amount.  Neomedic and

---

[9] Such liens, rights, and claims include, but are not limited to, those that may be asserted with respect to federal Medicare (Part A and B) benefits ("Medicare") as contemplated by the Medicare Secondary Payer Act, 42 U.S.C. § 1395y; Medicaid liens; certain other federal, state, and local governmental health care programs with statutory reimbursement or subrogation rights, including TRICARE, VA, and Indian Health Services benefits and Medicare Prescription Drug plans (Medicare Part D); Medicare Advantage (Part C) plan sponsors; healthcare providers, employers, workers' compensation carriers (including a state workers' compensation fund), group health plans, non-group health plans, insurers, Federal Employees Health Benefit plan (such as Blue Cross Federal or Blue 365), or other entity (except those listed above) that administers, funds, pays, contracts for, or provides medical items, services, and/or prescription drugs to Claimants.

MDL 2511 Co-Lead Counsel also agree that a Registered Claimant who fails to provide information that is necessary for Neomedic's compliance with Medicare, Medicaid, or any other similar reporting obligations will indemnify Neomedic against any claims resulting from such failure in an amount not to exceed the total amount of such Registered Claimant's Allocated Amount.

## IX.    LIENS AND OTHER INTERESTS

### A.  Liens

Registered Claimants and any and all consortium and derivative claimants executing a Release are responsible for providing all relevant information about their healthcare insurance and third party payers, liens, assignments, and other required documentation to the Lien Resolution Administrator and Trustee, who shall provide to Neomedic all such information that Neomedic may need to comply with reporting requirements applicable to it, including under Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") (P.L. 110-173), codified at 42 U.S.C. § 1395y(b)(8), Medicaid reporting requirements, or other similar requirements.  All Registered Claimants shall authorize the Lien Resolution Administrator and Neomedic to report such information to applicable authorities.

Registered Claimants and any and all consortium and derivative claimants executing a Release, not Neomedic, are responsible for the satisfaction of Liens And Other Interests. Registered Claimants and any and all consortium and derivative claimants executing a Release, not Neomedic, also are responsible for notifications of settlement to any health plans, lienholders, assignees, or others.

## B.  Lien Holdbacks

Promptly upon satisfaction or waiver of the Release Threshold, for each Registered Claimant who submitted to the Trustee a Release, the Lien Resolution Administrator shall provide to the Trustee and Neomedic written notice of whether it has determined there are any Liens And Other Interests, and if so, for each Lien And Other Interest, the holder of such Lien And Other Interest and the amount or the maximum potential amount of such Lien And Other Interest.  The amount of such Liens And Other Interests, or the maximum potential amount of such Lien and Other Interest, shall be the "Lien Holdback".  The Trustee shall not be permitted to make a payment to or on behalf of any Registered Claimant until after the Lien Resolution Administrator notifies the Trustee that it has determined whether there are any Liens And Other Interests, and if so, for each Lien And Other Interest, the holder of such Lien And Other Interest and the amount or the maximum potential amount of such Lien And Other Interest.  Upon receipt of such determination, subject to all of the provisions regarding payment of Allocated Amounts, the Trustee shall withhold payment of the Lien Holdback from payment of the Allocated Amount on behalf of a Registered Claimant.  The Trustee shall pay the amount of each finally determined Lien And Other Interest directly to the holder of such Lien And Other Interest from the Lien Holdback, and disburse the remaining amounts, if any, to the Registered Claimant's counsel, as agent of the Registered Claimant (or directly to the Registered Claimant if unrepresented), subject to all of the provisions regarding payment of Allocated Amounts and any common benefit assessment that may be ordered by the Court.

## X.    NO ADMISSION OF LIABILITY OR JURISDICTION

This MOU constitutes the proposed resolution of disputed claims and is for settlement purposes only.  Neomedic expressly denies that it has violated any duty, or breached any agreement

or obligation related to the Neomedic Pelvic Repair System Products, and also denies that it has engaged in any wrongdoing with respect to the Neomedic Pelvic Repair System Products.

Neomedic and MDL 2511 Co-Lead Counsel agree that this MOU or the Program, and any actions undertaken by Neomedic in the negotiation, execution, satisfaction, or implementation of this MOU or the Program, shall not constitute, nor be construed as, an admission of any liability or wrongdoing, or recognition of the validity of any claim made in relation to the Neomedic Pelvic Repair System Products in any action or proceeding.

This MOU or the Program, and any and all statements and negotiations made in connection with this MOU or the Program, and any actions undertaken in or pursuant to this MOU or the Program shall not be offered or be admissible in evidence or used in any other fashion by Claimants or Neomedic in any lawsuit, action, hearing, or proceeding for any purpose, except to enforce the terms of this MOU or the Program.

## XI.    COMMUNICATIONS REGARDING SETTLEMENT

Neomedic and MDL 2511 Co-Lead Counsel may jointly or separately issue press releases announcing and describing this MOU or the Program.  The form, content, and timing of such press releases shall be subject to mutual agreement of Neomedic and MDL 2511 Co-Lead Counsel, which shall not be unreasonably withheld.  In addition, Neomedic shall, in its sole discretion, be entitled to include such information as required by law or regulation.

Communications by or on behalf of Neomedic, MDL 2511 Co-Lead Counsel, and their respective counsel regarding this MOU or the Program with the public, media, and Claimants and their counsel shall be made in good faith, and shall be consistent with the Parties' agreement to take all actions reasonably necessary to attempt to obtain satisfaction of the Registration Threshold and Release Threshold.

Nothing herein is intended or shall be interpreted to inhibit or interfere with MDL 2511 Co-Lead Counsel's ability to communicate with the Court, the Special Master, or Claimants or their counsel.  In order to attempt to obtain satisfaction of the necessary Registration Threshold and Release Threshold, 2511 Co-Lead Counsel shall make known to Claimants, through their counsel if represented, the terms of the Program.

## XII.   TERMINATION

In the event that the Registration Threshold or Release Threshold is not satisfied and Neomedic were to exercise its termination rights pursuant to Sections II.B or II.D above, Neomedic shall have no further obligations under this MOU or the Program other than the payment of the administrative costs outlined in Section III.B.

## XIII.   MISCELLANEOUS

A.   *No Penalties or Fines.*  Neomedic and MDL 2511 Co-Lead Counsel agree and acknowledge that no consideration, amount, or sum paid, credited, offered, or extended, or to be paid, credited, offered, or extended, by or on behalf of Neomedic or any other party in the performance of this MOU or the Program constitutes a penalty, fine, or any other form of assessment for any alleged claim or offense.

B.   *Notices.*  All notices and communications by and among the Neomedic, MDL 2511 Co-Lead Counsel, the Trustee, the Special Master, and the Lien Resolution Administrator shall be in writing and shall be deemed to have been properly given when received.  Any notice or other communication made pursuant to this MOU or the Program shall be sent, as applicable, by electronic mail or overnight delivery to the persons set forth below.

If to Neomedic, to:

      Ernest F. Koschineg, III, Esq.
      Carolyn Purwin, Esq.
      Cipriani & Werner, P.C.
      450 Sentry Parkway East
      Suite 200
      Blue Bell, PA  19422
      610.567.0700 (phone)
      610.567.0712 (facsimile)
      ekoschineg@c-wlaw.com
      CPurwin@c-wlaw.com

If to MDL 2511 Co-Lead Counsel, to:

      Derek H. Potts, Esq.
      The Potts Law Firm, LLP
      100 Waugh Drive, Suite 350
      Houston, TX  77007
      713.963.8881 (phone)
      713.583.5388 (facsimile)
      dpotts@potts-law.com

      AND

      Riley L. Burnett, Jr., Esq.
      Burnett Law Firm
      55 Waugh Drive, Suite 803
      Houston, TX  77007
      832.413.4410 (phone)
      832.900.2120 (facsimile)
      rburnett@burnettlaw.com

      AND

      Karen Beyea-Schroeder, Esq.
      Fleming, Nolen & Jez, LLP
      2800 Post Oak Boulevard, Suite 4000
      Houston, TX  77056
      713.621.7944 (phone)
      713.621.9638 (facsimile)
      Karen_Beyea-Schroeder@fleming-law.com

If to the Trustee, to:

> Scott Freeman
> Trustee
> The Settlement Alliance
> 5847 San Felipe, Suite 4550
> Houston, Texas 77057
> 888.284.0332 (phone)
> 713.513.5572 (facsimile)
> scott@settleement-alliance.com

If to the Lien Resolution Administrator, to:

> Will Shapiro
> Shapiro Settlement Solutions
> 11211 Taylor Draper Lane #210
> Austin, TX  78759
> 512.382.5100 (phone)
> 512.382.5955 (facsimile)
> wshapiro@lienteam.com

If to the Special Master, to:

> Ethan P. Greene, Esq.
> Reisman Karron Greene LLP
> 1700 K Street, NW
> Washington, DC 20006
> 202.695.7705 (phone)
> 202.480.8169 (facsimile)
> Ethan.Greene@rkgattorneys.com

Each designee may change its designated recipient by written notice to the other.

C.     *Modification.*  Except as otherwise expressly provided herein, this MOU may not be rescinded, cancelled, terminated, supplemented, amended, or modified in any manner whatsoever without the prior written consent of Neomedic, MDL 2511 Co-Lead Counsel, and the Special Master.

D.     *No Obligations of Neomedic's Counsel.*  MDL 2511 Co-Lead Counsel agree that Claimants, any consortium or derivative claimants, and their individual attorneys shall look only

to Neomedic and its insurer, Columbia Casualty Company, for payment and only to Neomedic for other performance hereunder, and not to any counsel representing Neomedic.

      E.    *Severability*.  If any material provision of this MOU, including but not limited to the Release, shall for any reason be held in whole or in part to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision of the MOU if Neomedic elects in writing to proceed as if such invalid, illegal, or unenforceable provision had never been included in this MOU.  If no such election by Neomedic is made, then this MOU shall become null and void.  If any non-material provisions contained in this MOU are for any reason held to be invalid, illegal, or unenforceable in any respect, that holding shall not affect any other provision of this MOU.  The Special Master shall determine whether any provision deemed unenforceable is material, with such decision being final and not subject to appeal.

      F.    *Exhibits*.  All of the exhibits to this MOU are incorporated herein by reference as if set forth herein verbatim, and the terms of all exhibits, including agreements, covenants, acknowledgements, and stipulations in the Release, are expressly made part of this MOU.  To the extent there are any inconsistencies between the terms of the MOU and the Release, the terms of the MOU shall control.

      G.    *Superseding Text.*  Any inconsistency between the headings used in this MOU, and the text of the Sections and paragraphs of this MOU, shall be resolved in favor of the text.

      H.    *Waiver.*  The waiver by Neomedic or MDL 2511 Co-Lead Counsel of any breach of this MOU by the other party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this MOU.

      I.    *Authorship*.  The parties have negotiated all of the terms and conditions of this MOU at arms' length.  Neither Neomedic, MDL 2511 Co-Lead Counsel, the Special Master, nor any one

of them, nor any of their counsel shall be considered to be the sole drafter of this MOU or any of its provisions for the purpose of any statute, case law, or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this MOU.  This MOU shall be deemed to have been mutually prepared by Neomedic and MDL 2511 Co-Lead Counsel and shall not be construed against any of them by reason of authorship.

J.      *Beneficiaries.*  This MOU shall be binding upon and shall inure to the benefit of Neomedic, MDL 2511 Co-Lead Counsel, and Registered Claimants, and their representatives, heirs, successors, and assigns.  Subject to the foregoing sentence, nothing expressed or implied in this MOU is intended to or shall be construed to confer upon or give any person or entity other than Neomedic, MDL 2511 Co-Lead Counsel, or Registered Claimants any right or remedy under or by reason of this MOU.  Unless expressly stated, no provision in this MOU is intended to create any third-party beneficiary to this MOU or the Program.

K.      *Timing.*  Neomedic and MDL 2511 Co-Lead Counsel may agree in writing to reasonable extensions of time to carry out the provisions of this MOU.

L.      *Consultation.*  Neomedic, MDL 2511 Co-Lead Counsel, Claimants, the Trustee, and the Lien Resolution Administrator shall only be permitted to enforce this MOU (except for those decisions of the Special Master that are expressly deemed final and non-appealable) or any of its terms before the Court.  Before filing any motion or petition raising a dispute arising out of or related to this MOU or the Program, the applicable parties seeking and opposing relief shall consult with each other in good faith and, if unable to resolve such dispute, shall certify in writing that they have so consulted but are unable to resolve such dispute.

M.      *Taxes.*  No opinion regarding the tax consequences of this MOU to any individual Claimant is being given or will be given by Neomedic, Neomedic's counsel, MDL 2511 Co-Lead

Counsel, the Trustee, the Lien Resolution Administrator, or the Special Master, nor is any representation or warranty in this regard made by virtue of this MOU.  Claimants must consult their own tax advisors regarding the tax consequences of this MOU, and any settlement thereunder, including any payments provided hereunder and any tax reporting obligations they may have with respect thereto.  Each Claimant's tax obligations, and the determination thereof, are her, his, or its sole responsibility, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual.  Neomedic, Neomedic's counsel, MDL 2511 Co-Lead Counsel, the Trustee, the Lien Resolution Administrator, and the Special Master shall have no liability or responsibility whatsoever for any such tax consequences resulting from payments under this MOU.  To the extent required by law, the Trustee will report payments made under the MOU to the appropriate authorities.

N.    *Additional Information.*   MDL 2511 Co-Lead Counsel, the Trustee, the Lien Resolution Administrator, the Special Master, and each Registered Claimant shall provide to Neomedic such information as is reasonably requested by Neomedic to enable Neomedic to determine properly its obligations with respect to taxes, including any required information reporting, on a timely basis.

O.    *Headings.*  The section headings in this MOU are included for convenience only and shall not be deemed to constitute part of this MOU or affect its construction.

P.    *Definitions*.  Capitalized terms used in this MOU shall have the meanings defined for such terms in this MOU and in the Release attached hereto as Exhibit A.

Q.    *Interpretation.*   In this MOU, unless the context requires otherwise, (a) words expressed in the masculine shall include the feminine and neuter gender and vice versa;  (b) the word "will" shall be construed to have the same meaning and effect as the word "shall"; (c) the

word "or" shall not be exclusive; (d) the word "extent" in the phrase "to the extent" shall mean the degree to which a subject or other thing extends, and such phrase shall not simply mean "if"; (e) the terms "include", "includes", and "including" shall be deemed to be followed by "without limitation", whether or not they are in fact followed by such words or words of similar import; (f) the term "concerning" means relating to, referring to, describing, evidencing or constituting; (g) references to "the date hereof" are to the date of this MOU; (h) references to any law shall include all rules and regulations promulgated thereunder; (i) references to "day" or "days" in the lower case are to calendar days, but if the last day is a Saturday, Sunday, or legal holiday (as defined in Fed. R. Civ. P. 6(a)(6)), the period shall continue to run until the end of the next day that is not a Saturday, Sunday, or legal holiday, and (j) references to dollars or "$" are to United States dollars.

R.     *No Penalties or Fines.*   Neomedic and MDL 2511 Co-Lead Counsel agree and acknowledge that no consideration, amount, or sum paid, credited, offered, or extended, or to be paid, credited, offered, or extended, by Neomedic in the performance of this MOU constitutes a penalty, fine, or any other form of assessment for any alleged claim or offense.

S.     *Counterparts.*   This MOU may be executed in any number of counterparts and by different parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement. Neomedic and MDL 2511 Co-Lead Counsel agree that their execution of the MOU may be transmitted to the other party via facsimile or electronic mail in a .pdf file.  Neomedic and MDL 2511 Co-Lead Counsel agree that within five days of execution, each shall deliver the original executed version of this MOU to the Special Master.  Further, Neomedic and MDL 2511 Co-Lead Counsel agree that this MOU and the Program shall be effective upon the date that both Neomedic and MDL 2511 Co-Lead Counsel have executed this MOU.

Executed on this 16th day of November 2015.


So Agreed on Behalf of MDL 2511 Co-Lead Counsel:

By: _____

Derek H. Potts, Esq.
The Potts Law Firm, LLP
100 Waugh Drive, Suite 350
Houston, TX 77007
713.963.8881 (phone)
713.583.5388 (facsimile)
dpotts@potts-law.com

By: _____

Riley L. Burnett, Jr., Esq.
Burnett Law Firm
55 Waugh Drive, Suite 803
Houston, TX 77007
832.413.4410 (phone)
832.900.2120 (facsimile)
rburnett@burnettlaw.com

By: _____

Karen Beyea-Schroeder, Esq.
Fleming, Nolen & Jez, LLP
2800 Post Oak Boulevard, Suite 4000
Houston, TX 77056
713.621.7944 (phone)
713.621.9638 (facsimile)
Karen_Beyea-Schroeder@fleming-law.com


So Agreed on Behalf of Neomedic:

By: _____

Ernest F. Koschineg, III
Cipriani & Werner, P.C.
450 Sentry Parkway East
Suite 200
Blue Bell, PA 19422
610.567.0700 (phone)
610.567.0712 (facsimile)
ekoschineg@c-wlaw.com

**EXHIBIT A**

---

### I.  IMPLANT CLAIMANT

*Check if applicable* :
___ **Implant Claimant is legally incapacitated**
___ **Implant Claimant is deceased**

| NAME | First: | | Middle: | | Last: | |
|---|---|---|---|---|---|---|

| MAILING ADDRESS | Number and Street: | | | |
|---|---|---|---|---|
| | City: | | State: | Zip Code: |

**Social Security Number:** | **Date of Birth (mm/dd/year):**

**Bankruptcy Proceeding? _____ Y _____ N**        **If YES, approximate year: _____**

---

### II.  IMPLANT CLAIMANT'S SPOUSE (if none, check here ___)

*Check if applicable*:
___ **Implant Claimant's spouse is legally incapacitated**
___ **Implant Claimant's spouse is deceased**

| NAME | First: | | Middle: | | Last: | |
|---|---|---|---|---|---|---|

| MAILING ADDRESS | Number and Street: | | | |
|---|---|---|---|---|
| | City: | | State: | Zip Code: |

**Social Security Number:** | **Date of Birth (mm/dd/year):**

**Bankruptcy Proceeding? _____ Y _____ N**

---

### III.  OTHER PERSON ASSERTING A CLAIM ON BEHALF OF IMPLANT CLAIMANT OR CLAIMING THROUGH THE IMPLANT CLAIMANT (COMPLETE ONLY WHERE APPLICABLE)

*Specify relation to Claimant*: _____

| NAME | First: | | Middle: | | Last: | |
|---|---|---|---|---|---|---|

| MAILING ADDRESS | Number and Street: | | | |
|---|---|---|---|---|
| | City: | | State: | Zip Code: |

**Social Security Number:** | **Date of Birth (mm/dd/year):**

**Bankruptcy Proceeding? _____ Y _____ N**        **If YES, approximate year: _____**

EXHIBIT A

<u>**RELEASE AND INDEMNITY**</u>

Claimant (along with, as applicable, other Releasing Parties) has instituted a civil action or has otherwise asserted a claim or a right to assert a claim for personal injury, survivorship, and/or wrongful death against Neomedic concerning one or more Neomedic Pelvic Repair System Product(s). Neomedic International, S.L., Neomedic, Inc., Desarrollo e Investigación Médica Aragonesa, S.L., and Specialties Remeex, International, S.L. (collectively, "Neomedic") and the other Released Parties, as defined below in Section 1.03, have denied and continue to deny any liability based on the claims, allegations, and assertions of Claimant.

In consideration of payment of the Settlement Amount, as defined in the Memorandum of Understanding dated November 16, 2015 (the "MOU") that sets forth the Neomedic TVM Settlement Program (the "Program"), from which will be made payment of the Allocated Amount, as defined below in Section 2.01, and for other good and valuable consideration as set forth in the MOU and herein, the receipt and sufficiency of which are hereby acknowledged, this Release and Indemnity ("Release"), is made and entered into by Claimant and all other signatories to the Release for the benefit of Neomedic and the Released Parties. Claimant and all other signatories to the Release, individually and on behalf of the other Releasing Parties, acknowledge, stipulate, covenant, and agree as follows:

## I. RELEASE

**1.01** *Complete and General Release and Covenant Not to Sue.*

Claimant and the other Releasing Parties hereby release, acquit, and forever discharge Neomedic and all other Released Parties of and from any liability whatsoever in respect of all Settled Claims and agree and covenant not to sue Neomedic or any other Released Party, in any capacity, for any Settled Claim against the Released Parties. No parties other than the Released Parties are being released by Claimant and the other Releasing Parties. Claimant and the other Releasing Parties reserve all of their rights, if any, with respect to any parties that are not Released Parties.

**1.02** *Releasing Parties.*

a. "Claimant" as used herein means the individual who has had implanted one or more Neomedic Pelvic Repair System Product(s) prior to the date of execution of this Release ("Implant Claimant") or any person or entity asserting a claim on behalf of an Implant Claimant who is not legally capable of asserting her own claim (for example, a personal representative or estate representative for an Implant Claimant).

b. The term "other Releasing Parties" as used herein means (i) Implant Claimant's current spouse or domestic companion, heirs, beneficiaries, executors, estate administrators, authorized representatives, guardians, trustees, successors, and assigns; (ii) any former spouse or domestic companion of an Implant Claimant that is a party to a civil action against any Released Party on the basis of the Implant Claimant's having had implanted one or more Neomedic Pelvic Repair System Products prior to the date of execution of this Release (the "Signing Date"); (iii) any party to a civil action against any Released Party on the basis of a Settled Claim, whether independently or derivatively, arising from Implant Claimant's having had implanted one or more Neomedic Pelvic Repair System Products prior to the Signing Date; and (iv) any signatory other than Claimant to this or another Release of the Settled Claims. This Release by

**EXHIBIT A**

an other Releasing Party releases only Settled Claims relating to the implant of one or more Neomedic Pelvic Repair System Product(s) in the Implant Claimant identified on the cover page of this Release.

      c.      The Claimant and the other Releasing Parties collectively are the "Releasing Parties" and each is a "Releasing Party."

**1.03**    ***Released Parties.***

      a.      Each of the persons and entities below is a "Released Party" (and collectively are the "Released Parties"):

      (i)      Neomedic and any and all of its past, present, and future officers, directors, employees, and shareholders; its past, present, and future parent companies, subsidiaries, affiliates, divisions, controlling persons, contractors, agents, attorneys, assigns, general or limited partners, servants, and insurers; and all of their respective officers, directors, employees, shareholders, predecessors, successors, assigns, heirs, executors, estate administrators, and personal representatives (or the equivalent thereto);

      (ii)      Any and all distributors of a Neomedic Pelvic Repair System Product, including, but not limited to, wholesale distributors, private label distributors, retail distributors, hospitals, and clinics, provided that notwithstanding anything in this Section 1.03(a)(ii), the Released Parties shall not include Tri-Anim (n/k/a Sarnova), Active Medical, Adler Instrument Co., Inc., or Ocean Medical;

      (iii)      Any and all physicians or other medical service providers who implanted, revised and/or explanted Neomedic Pelvic Repair System Products, provided that: (1) such persons shall be a Released Party only as to claims as to which such persons would have a statutory or common-law equitable right of indemnity against Neomedic; and (2) no such persons described in this subsection shall be a Released Party to the extent that any claim is based upon his, her or its own independent negligence or culpable conduct, including, without limitation, negligence or professional malpractice asserted against physicians, hospitals, clinics, and other medical service providers;

      (iv)      Any and all past, present, and future officers, directors, principals, employees, shareholders, parent companies, subsidiaries, affiliates, controlling persons, contractors, general or limited partners, clinical researchers, employees, agents, servants, attorneys, insurers, representatives, predecessors, successors, and assignees of any of the above, including but not limited to Columbia Casualty Company; and

      (v)      The Special Master, Reisman Karron Greene LLP, the Trustee, and the Lien Resolution Administrator.

      b.      Claimant and other Releasing Parties acknowledge that each Released Party is entitled to enforce this Release in accordance with its terms.

**1.04**    ***Neomedic Pelvic Repair System Products.***

The term "Neomedic Pelvic Repair System Product" or "Neomedic Pelvic Repair System Products" as used herein shall include those pelvic mesh product(s) manufactured, marketed,

EXHIBIT A

sold and distributed by Neomedic and/or its affiliates known as:  Contasure Needleless Sling System, Needleless Sling System, Remeex System/TRT Remeex System, KIM System, Uplift, and Surelift, as well as any variations of these products and any unnamed Neomedic pelvic repair system product designed and sold for similar purposes, as well as any variations of said products, past or present.

**1.05** *Settled Claims.*

The term "Settled Claims" shall mean, as to any Neomedic Pelvic Repair System Product implanted in Implant Claimant prior to the Signing Date, any and all legal, equitable, administrative or other claims of any kind that have been asserted, or could be asserted, whether now or in the future, by or on behalf of the Claimant or any of the Releasing Parties, including, without limitation, assigned claims or derivative claims, whether known or unknown, asserted or unasserted, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, apparent or unapparent, regardless of the legal, equitable, or other theory upon which they are based, existing now or arising in the future, directly or indirectly out of, relating to, or in any way connected with (i) the purchase, use, manufacture, design, efficacy, warnings, promises or condition, sale, advertising, dispensing, distribution, promotion, sale, marketing, testing, clinical investigation, administration, regulatory approval, prescription, recommendation, implantation, revision, excision, disposal or compliance with regulatory obligations or reporting requirements, including by way of example but without limitation, failure to warn, design defect, manufacturing defect, and/or labeling, of any Neomedic Pelvic Repair System Product implanted in Claimant prior to the Signing Date; (ii) any alleged representations, promises, statements, warranties (express or implied) or guarantees given or made by anyone affiliated with or representing the Released Parties prior to the Signing Date relating to the Neomedic Pelvic Repair System Products implanted in Implant Claimant prior to the Signing Date; and (iii) this settlement of Claimant's and the other Releasing Parties' claim(s) against the Released Parties relating to the Neomedic Pelvic Repair System Products implanted in Implant Claimant prior to the Signing Date, except for a claim or action to enforce the terms of this Release.  Subject to the foregoing, the "Settled Claims" include all claims for damages or remedies of whatever kind or character, known or unknown, that are now recognized or that may be created or recognized in the future by statute, regulation, judicial decision, or in any other manner, for or in respect of, arising out of or relating to any Neomedic Pelvic Repair System Product implanted in Claimant prior to the Signing Date, including:

> (i)      Personal injury and/or bodily injury, latent injury, future injury, progression of existing injury, damage, disease, death, fear of death, disease or injury, mental or physical pain or suffering, emotional or mental harm, anguish, or loss of enjoyment of life;

> (ii)      Compensatory damages, general damages, special damages, punitive, exemplary, and statutory and other multiple damages or penalties of any kind;

> (iii)      Loss of wages, income, earnings or earning capacity;

> (iv)      Medical expenses, doctor, hospital, nursing, and drug bills;

EXHIBIT A

      (v)      Loss of support, services, consortium, companionship, society or affection, or damage to familial relations, by spouses, former spouses, parents, children, other relatives or "significant others" of Claimant;

      (vi)      Consumer fraud, refunds, unfair business practices, deceptive trade practices, Unfair and Deceptive Acts and Practices, disgorgement of profit, and other similar claims whether arising under statute, regulation, or judicial decision;

      (vii)    Wrongful death and survivorship;

      (viii)   Medical screening and monitoring;

      (ix)     Injunctive and declaratory relief;

      (x)      Economic or business losses;

      (xi)     Prejudgment or post-judgment interest; and

      (xii)    Attorneys' fees.

**1.06**   *Scope of Release.*

      a.      This Release is intended by Claimant and the other Releasing Parties to be as broad as can possibly be created by Claimant and the other Releasing Parties in favor of the Released Parties with respect to the Settled Claims.

      b.      **THIS RELEASE IS SPECIFICALLY INTENDED TO OPERATE AND BE APPLICABLE EVEN IF IT IS ALLEGED, CHARGED, OR PROVEN THAT SOME OR ALL OF THE CLAIMS OR DAMAGES RELEASED WERE CAUSED IN WHOLE OR IN PART BY THE NEGLIGENCE, NEGLIGENCE PER SE, GROSS NEGLIGENCE, BREACH OF EXPRESS OR IMPLIED WARRANTY, MISREPRESENTATION, VIOLATION OF STATUTE OR COMMON LAW, DEFECTIVE PRODUCT, FAILURE TO WARN, RECKLESS OR INTENTIONAL CONDUCT, MALICE, OR CONDUCT OF ANY TYPE BY NEOMEDIC OR ANY OF THE OTHER RELEASED PARTIES, CLAIMANTS, AND/OR ANY THIRD PARTY**.

**1.07**   *Unknown Facts.*

      Claimant and the other Releasing Parties acknowledge that Claimant or other Releasing Parties may hereafter discover facts different from, or in addition to, those which they now know to be or believe to be true with respect to Claimant's or the other Releasing Parties' alleged injuries and losses and/or claims against Neomedic or any of the other Released Parties arising from or relating in any way to the Settled Claims, and Claimant and the other Releasing Parties agree that this Release shall be and remain effective in all respects, notwithstanding such different or additional facts and the subsequent discovery thereof, as to which Claimant and the other Releasing Parties expressly assume the risk. This specifically includes but is not limited to any and all information and facts directly or indirectly derived from information Neomedic may later produce or disclose in other legal proceedings and any information Claimant and the other Releasing Parties would have obtained as a result of any and all past and pending discovery requests, motions, and disputes. Claimant and the other Releasing Parties agree that this Release

EXHIBIT A

shall be effective and shall remain effective in all respects, notwithstanding any such different or additional facts and the subsequent discovery thereof.  Claimant and the other Releasing Parties acknowledge awareness of, and hereby expressly waive all rights under, any applicable statute or provision such as Section 1542 of the Civil Code of the State of California, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

**1.08** *Indemnification.*

a.      Claimant, individually and on behalf of the other Releasing Parties, shall indemnify and hold harmless Neomedic and each other Released Party from any fees, costs, expenses, damage, liability, reimbursement, or loss, including reasonable attorneys' fees and disbursements, incurred as a result of any (i) claim by any of the Releasing Parties asserting Settled Claims against a Released Party; (ii) reimbursement obligations, liens, subrogated interests/rights, or encumbrances pertaining to the Settled Claims against the Released Parties including, but not limited to, medical expenses, physicians' expenses, or other health care provider expenses, including any claims asserted by hospitals or other medical care facilities, private or government health insurers, including but not limited to Medicare, Medicaid, TRICARE, Veterans Administration, Indian Health Services, or any other third party, arising from or based upon the provision of past, present or future medical care and treatment of Claimant that relate to the Settled Claims against the Released Parties of which the Claimant knew or reasonably should have known at the time of the Release, or for the discharge of any liens relating to the foregoing; (iii) fees and expenses owed or alleged to be owed to any attorneys who have a financial interest in the Settled Claims against the Released Parties, (iv) tax liability of Claimant and the other Releasing Parties associated with the terms of this Release or any payments made to Claimant and the other Releasing Parties pursuant to this Release and the Program; (v) fees, costs, expenses, Medical Claims or other amounts (including attorneys' fees) to be withheld or deducted from the Allocated Amount; or (vi) any errors, omissions or mistakes in the calculation of any of the foregoing, except for any such errors, omissions or mistakes that are the fault of Neomedic or any other Released Party.

b.      Claimant, individually and on behalf of the other Releasing Parties, shall indemnify and hold harmless Neomedic and each other Released Party from and against any claim, cost, expense, damage, liability or loss incurred by any Released Party, including reasonable fees and disbursements of legal counsel engaged by any of them in connection with any investigative, administrative, or judicial proceeding, mediation, or arbitration relating to or arising out of any breach by Claimant or other Releasing Party of any of his or her representations, warranties or covenants in this Release or other document delivered pursuant hereto.

c.      Indemnification under this Release shall not exceed the amount of the Allocated Amount after the payment of any common benefit assessment that may be ordered by the Court and after any reductions of fees, costs, and other expenses (including attorneys' fees) as required

EXHIBIT A

by the Program and this Release (excluding Liens And Other Interests), and will be applicable only to the extent such indemnification is available as a matter of law.

**1.09    *Dismissal of Settled Claims; Court Approvals.***

Claimant agrees to execute, or direct Claimant's Counsel, as defined below in Section 2.01(d), and all other Releasing Parties' counsel to execute any documents necessary to effectuate a dismissal with prejudice and without costs of the Settled Claims against Released Parties named in lawsuits brought by the Claimant or other Releasing Parties, and any other action necessary for this Release or transfer of funds pursuant to this Release to be legal, valid, binding and enforceable against Claimant and the other Releasing Parties.

## II.   SETTLEMENT PROCESS AND PAYMENTS

**2.01    *Settlement and Payments.***

a.      The term "Allocated Amount" shall mean the sum calculated by the Trustee of the Settlement Trust ("Trustee") to be paid from the Settlement Trust in consideration for the release of Claimant's and other Releasing Parties' Settled Claims against the Released Parties.

b.      Claimant and other Releasing Parties acknowledge that no disbursements will be made from the Settlement Trust to Claimant's Counsel, as agent for Claimant, or directly to Claimant, if unrepresented by counsel, with respect to Claimant's and other Releasing Parties' Settled Claims against the Released Parties until the Program requirements for such disbursements have been fully satisfied.

c.      Claimant and other Releasing Parties acknowledge that the Trustee may withhold a portion of the Allocated Amount for payment of a common benefit assessment if so ordered by the Court.

d.      Claimant and other Releasing Parties acknowledge that the cumulative amount of Claimant's and other Releasing Parties' medical or other liens, indemnity, rights of reimbursement, conditional or other payments, rights of subrogation or other similar claims or interests related to the Settled Claims or in the proceeds of the settlement thereof  ("Liens And Other Interests") or, if that cumulative amount has not been ascertained, a maximum potential amount of such Lien or Other Interests (the "Lien Holdback") may be withheld from the Allocated Amount and any additional pro-rata distribution from the Settlement Amount by the Trustee until Claimant and other Releasing Parties have provided written confirmation that there are no Liens And Other Interests or all such Liens And Other Interests have been resolved.

e.      Claimant and other Releasing Parties understand, agree, and acknowledge that fees, costs, and other expenses (including attorneys' fees) of Claimant's and/or other Releasing Parties own counsel (the "Claimant's Counsel") will be withheld by Claimant's Counsel before the remainder of the Allocated Amount is distributed to Claimant or, as applicable, other Releasing Parties.

f.      Claimant and other Releasing Parties understand, agree, and acknowledge that distribution of the Allocated Amount from the Settlement Trust pursuant to the terms of this Release and the MOU constitutes full and adequate consideration for this Release.

**EXHIBIT A**

g.     Claimant and other Releasing Parties shall have no claim or recourse against Neomedic or any other Released Party for any amounts withheld or deducted from the Allocated Amount, for any fees, costs or expenses (including attorneys' fees) owed or alleged to be owed to any attorneys who have a financial interest in the Settled Claims against the Released Parties, or for court costs and other expenses incurred by or on behalf of Claimant or other Releasing Parties in prosecuting or otherwise asserting the Settled Claims against the Released Parties, or in participating in the settlement, including the execution and delivery of this Release, or for the discharge of any Liens And Other Interests relating to any of the foregoing, and such withholdings and/or deductions shall not affect the validity of this Release.

h.     Claimant and other Releasing Parties shall have no right to elect to receive the Allocated Amount or any portion of the amounts otherwise payable from the Settlement Trust in the form of a Structured Settlement, which means that the Trustee, on behalf of the Settlement Trust, may not agree to pay amounts otherwise payable from the Settlement Trust in a lump sum in the form of periodic payments over time ("Periodic Payments"), conditioned upon the Trust assignment of such Periodic Payment obligation to a third-party assignee.

**2.02    *Medical Bills and Liens.***

a.     Claimant and the other Releasing Parties acknowledge and agree that all fees, costs, expenses, reimbursement obligations, liens, claims, including subrogation claims, and/or obligations payable to Medicare, Medicare Advantage plans, Medicare cost plans, Medicare health care prepayment plans, Medicare Part D prescription drug plans, state Medicaid agency, or any other governmental entity or program or any private insurance carrier or other third party in respect of medical care or services which arose or will arise directly or indirectly out of and/or relate in any way to the Settled Claims against the Released Parties (collectively, "Medical Claims"), have been paid or will be paid out of the proceeds of this settlement, and are Claimant's responsibility to pay, and that any Liens And Other Interests based on any such Medical Claims will be satisfied by Claimant, if valid and enforceable.

b.     Claimant and the other Releasing Parties understand and agree that any statements made by Neomedic or other Released Parties in the process of reporting this settlement to the Centers for Medicare and Medicaid Services ("CMS") pursuant to the Medicare Secondary Payer statute, 42 U.S.C. §1395y(b), and its accompanying regulations and/or any other applicable government entity pursuant to similar reporting obligations are not intended to be an admission of any facts made therein and do not constitute an admission by any party of liability for the allegations of any claims arising directly or indirectly out of and/or relating in any way to the Settled Claims against the Released Parties.

c.     Claimant and the other Releasing Parties understand that the settlement of claims against the Released Parties could impact their right to future Medicare benefits, including but not restricted to the denial by Medicare of claims for future benefits related to the Settled Claims against the Released Parties being released in this Release.  Claimant and other Releasing Parties further understand and agree that Claimant and other Releasing Parties hereby waive any private cause of action that relates to any Neomedic Pelvic Repair System Product implanted in Claimant prior to the Signing Date that Claimant and other Releasing Parties may have under 42 U.S.C. § 1395y(b)(3)(A) against Neomedic and each other Released Party, even though if such claims were known, such knowledge would materially affect the terms of this Release.

8 of 15

EXHIBIT A

  d.  Claimant and the other Releasing Parties understand that each has a responsibility properly to consider Medicare's future interest.  If Medicare's future interest is not properly considered, Claimant and other Releasing Parties understand that the CMS may be entitled to recover its future interest from Claimant or other Releasing Parties, and that Neomedic and other Released Parties are not liable to the CMS for Claimant's or other Releasing Parties' failure to properly consider Medicare's future interest.  Recovery of this future interest may include but may not be limited to the following:  payment directly to the CMS out of the settlement proceeds and/or revoking/denying Medicare benefits for injury-related or non-injury related medical expenses for a certain amount of time to be determined by the CMS in its sole discretion.

**2.03** ***Determination and Distribution of Settlement Amount.***

  Claimant and the other Releasing Parties acknowledge that Neomedic has agreed to enter into the Program and cause its insurer Columbia Casualty Company to deposit, subject to the Program's terms, a total aggregate Settlement Amount in settlement of the Settled Claims against the Released Parties of all of the Claimants.  Claimant and the other Releasing Parties rely upon the representation of Released Parties that this is the entirety of all of Neomedic's insurance policies that is applicable and available to cover each Claimant and other Releasing Parties' claims.  Claimant and other Releasing Parties acknowledge and agree that the calculation, allocation, division, and distribution of the Settlement Amount to the claimants participating in the Program, as well as the calculation, allocation, division, and distribution of administrative costs associated with the Program, are the responsibility of the Trustee.  Claimant and other Releasing Parties represent and warrant that the process for such calculation, allocation, division and distribution has been explained by Claimant's Counsel, and that Claimant and other Releasing Parties accept and are satisfied with the Allocated Amount and the method by which such calculation, allocation, and division was determined by the Trustee.  Claimant and other Releasing Parties acknowledge, represent, and agree that Claimant and other Releasing Parties shall have no recourse against any Released Parties, the Special Master, or MDL 2511 Co-Lead Counsel concerning the calculation, allocation, division, and distribution of the Settlement Amount.

**2.04** ***No Payment in Respect of Punitive Damages.***

  The Releasing Parties and the Released Parties acknowledge that the Allocated Amount is consideration paid in settlement of claims alleging physical injury or physical sickness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended, and no portion of those sums paid represent exemplary or punitive damages, nor pre-judgment or post-judgment interest.

### III. ADDITIONAL REPRESENTATIONS, WARRANTIES AND AGREEMENTS OF CLAIMANTS AND OTHER RELEASING PARTIES

**3.01** ***Warranty of Capacity to Execute Agreement.***

  Claimant and the other Releasing Parties signing below represent and warrant that:

  a.  Claimant and the other Releasing Parties have the capacity, right and authority, legal and otherwise, to execute this Release, settle the Settled Claims against the Released Parties, and receive the consideration set forth herein without the approval of any court or the

**EXHIBIT A**

consent of any trustee or other person or entity, or if such approval or consent is required that it has been obtained and provided to Neomedic;

b.      Unless Claimant's Counsel has otherwise notified Neomedic in writing during the Program, no bankruptcy estate, trustee, or other person or entity, whether private or governmental (other than Claimant and other Releasing Parties) has any known interest in or rights as against Neomedic or other Released Parties with respect to any Settled Claims against the Released Parties or the Allocated Amount or any pro-rata distribution from the Settlement Amount, and there are no other known persons or entities who have or may hereafter acquire the rights of Claimant to proceed against Neomedic or any of the other Released Parties on any action, claim, demand, cause of action or controversy, arising directly or indirectly out of and/or relating in any way to in any manner whatsoever to the Settled Claims against the Released Parties.  Claimant and the other Releasing Parties signing below further warrant that if a court of competent jurisdiction determines that any other person or entity, besides those expressly referenced by name in this Release, has any right to pursue or be a beneficiary of the settlement of these Settled Claims against the Released Parties, this Release shall be amended to add any and all such persons as an other Releasing Party and they must execute this Release prior to distribution of the Allocated Amount; and

c.      Unless Claimant's Counsel has otherwise notified Neomedic in writing during the settlement process, no attorney has a pecuniary interest in the settlement proceeds allocated to Claimant, and as applicable other Releasing Parties, other than Claimant's Counsel or associated counsel.

**3.02    *Complete Settlement of All Settled Claims Against Neomedic and Released Parties.***

a.      It is the intent of this Release that Claimant and the other Releasing Parties shall not recover, and Claimant, individually and on behalf of the other Releasing Parties, covenants that Claimant shall not seek to recover by any means, directly or indirectly, any sums for Settled Claims against the Released Parties from Neomedic or any other Released Party, other than the payments to be received pursuant to this Release and the Program.

b.      If, despite the provisions of this paragraph, Neomedic and/or any other Released Party incurs any cost, expense, damage, liability or loss due to a claim by any other person or entity (a "Non-Settling Party"), including without limitation any amounts paid in settlement or pursuant to judgment, for contribution, indemnity, subrogation, reimbursement, or otherwise arising directly or indirectly out of and/or relating in any way to a claim brought by Claimant or other Releasing Parties against such Non-Settling Party in respect of a Settled Claim against a Released Party, Claimant, individually and on behalf of other Releasing Parties, shall indemnify and hold harmless Neomedic and/or such other Released Party for the amount of such cost, expense, damage, liability or loss, including reasonable attorneys' fees and disbursements.

c.      If, despite the provisions of this paragraph, Claimant and/or other Releasing Party obtains a judgment at trial against a Non-Settling Party at which trial the liability of any Released Party with respect to a Settled Claim is put in issue and reflected in the verdict, then Claimant and/or such Releasing Party agree to take all steps reasonably requested by Neomedic and/or any such Released Party to ensure that the amount of that judgment is reduced by the amount, percentage, or share of such judgment that would be attributable to Neomedic and/or such Released Party in respect of a Neomedic Pelvic Repair System Product under the applicable

EXHIBIT A

judgment reduction rule in the jurisdiction such that Neomedic and/or any such Released Party shall not be subject to liability or risk of liability by reason of any right to contribution or indemnity asserted by a Non-Settling Party.

**3.03**    ***Consultation with Counsel.***

Claimant and other Releasing Parties signing below acknowledge and represent that each has read this Release and has had the opportunity to confer with Claimant's Counsel concerning its terms, conditions and effects, and that Claimant's Counsel has answered Claimant's and other Releasing Parties' questions to the satisfaction of Claimant and other Releasing Parties. Claimant and other Releasing Parties signing below acknowledge and understand that Claimant's Counsel has approved this Release as to form and content.

## IV.  MISCELLANEOUS

**4.01**    ***Waiver of Certain Provisions Relating to Timing of Allocated Amount.***

If Claimant or other Releasing Parties have any case or claim pending in jurisdictions that have enacted, promulgated or otherwise adopted any statute, regulation or rule containing provisions that establish specific time periods within which settlement funds must be paid to Claimant or other Releasing Parties in connection with any settlement of the Settled Claims and/or impose sanctions, penalties or other similar obligations against the paying party if the settlement funds are not paid within such time periods and/or invalidate or otherwise affect the terms of the settlement of such Settled Claim, Claimant and other Releasing Parties hereby (i) waive (to the fullest extent permitted by applicable law) all rights under any such provisions and (ii) agree that the Allocated Amount shall be paid in accordance with Section 2.01 of this Release and the Program.

**4.02**    ***No Admission of Liability.***

Claimant and other Releasing Parties signing below understand, acknowledge and agree that nothing contained in this Release, the negotiations and discussions in connection with this Release, the documents being executed and delivered pursuant to this Release, nor any proceedings or actions taken in furtherance of the settlement or this Release, shall constitute or be deemed or construed as a presumption, concession or admission of any fact or issue of law, fault, damages, liability or wrongdoing or of any position whatsoever in connection with any matters in litigation or otherwise, and that any such liability or wrongdoing is expressly denied by Neomedic and the Released Parties.  This Release shall not be offered or received in evidence or otherwise used by Claimant, the other Releasing Parties or any other person in any civil action or any other action or proceeding arising from or related to the Settled Claims, except in connection with any proceeding to enforce this Release or to effectuate the liability protections agreed to herein, including without limitation to enforce a defense or counterclaim based on principles of release, accord, and satisfaction, good-faith settlement, res judicata, collateral estoppel, judgment bar or reduction, claim or issue preclusion, or any similar liability-limiting defense.

EXHIBIT A

**4.03**   *No Tax Advice.*

No opinion regarding the tax consequences of this Release (including any payments made pursuant to this Release) to Claimant, or as applicable other Releasing Parties, is being given or will be given by Neomedic or any of the Released Parties or Claimant's Counsel, nor will they have any responsibility for any tax consequences or tax payments that may be due in respect of the Release and amount paid to Claimant.  Claimant and other Releasing Parties must consult his or her own tax advisors regarding the tax consequences of the Release (including any payments made pursuant to this Release) and any tax reporting obligations Claimant and other Releasing Parties may have with respect thereto.  Claimant's and other Releasing Parties' tax obligations, and the determination thereof, are Claimant's and other Releasing Parties' sole responsibility.

**4.04**   *Severability.*

The invalidity or unenforceability of any provision of this Release shall in no way affect the validity or enforceability of any other provision.  If, in any action before any court or other tribunal of competent jurisdiction, any term, restriction, covenant, or promise is held to be unenforceable for any reason, then such term, restriction, covenant, or promise shall be deemed modified to the extent necessary to make it enforceable by such court or other tribunal and, if it cannot be so modified that this Release shall be deemed amended to delete herefrom such provision or portion adjudicated to be invalid or unenforceable, and this Release shall be deemed to be in full force and effect as so modified.  Any such modification or amendment in any event shall apply only with respect to the operation of this Release in the particular jurisdiction in which such adjudication is made.

**4.05**   *Neutral Interpretation.*

In any claim to construe the terms of this Release, this Release shall be considered the product of negotiation by and between Neomedic and Claimant's Counsel, as agent for Claimant and other Releasing Parties.  No clause or provision shall be interpreted more strongly in favor of or against one party or the other, based upon the source of the draftsmanship, but shall be interpreted in a neutral manner.

**4.06**   *Headings.*

The section headings in this Release are included for convenience only and shall not be deemed to constitute part of this Release or affect its construction.

**4.07**   *Effective Date.*

Upon execution, this Release shall be held in escrow by the Trustee until the Release Threshold is satisfied or waived by Neomedic pursuant to the MOU.  This Release shall become effective on the date payment of any portion of the Allocated Amount is transmitted to Claimant's Counsel, as agent for Claimant, or directly to an unrepresented Claimant, by the Trustee.

**4.08**   *Defined Terms.*

Capitalized terms used herein shall have the meanings defined for such terms in this Release and in the MOU.

EXHIBIT A

**4.09** *Acknowledgments.*

      a.      **CLAIMANT AND EACH OTHER RELEASING PARTY SIGNING BELOW DECLARE AND ACKNOWLEDGE THAT HE/SHE HAS READ AND UNDERSTANDS THE TERMS OF THIS RELEASE, THAT HE/SHE HAS BEEN REPRESENTED BY HIS/HER ATTORNEYS WITH REGARD TO THE EXECUTION OF THIS RELEASE, AND THAT HE/SHE EXECUTES THIS RELEASE VOLUNTARILY AFTER CONSULTATION WITH HIS/HER ATTORNEYS AND WITHOUT BEING PRESSURED OR INFLUENCED BY, AND WITHOUT RELYING UPON, ANY STATEMENT OR REPRESENTATION MADE BY ANY PERSON ACTING ON BEHALF OF NEOMEDIC OR ANY OF THE OTHER RELEASED PARTIES.  CLAIMANT AND ANY OTHER RELEASING PARTY SIGNING BELOW FURTHER DECLARE AND ACKNOWLEDGE THAT HE/SHE FULLY UNDERSTANDS THE NATURE AND VALUE OF THE CONSIDERATION PROVIDED FOR HEREIN, AND AGREE TO ACCEPT THAT AMOUNT FOR THE RELEASES GRANTED HEREIN.**

      b.      **CLAIMANT AND ANY OTHER RELEASING PARTY SIGNING BELOW DECLARES UNDER PENALTY OF PERJURY THAT THEY ARE ACCURATELY AND TRULY IDENTIFIED BELOW AND THAT THEIR SIGNATURE IS GENUINE.**

**IN WITNESS WHEREOF,** Claimant, and, if any, the other Releasing Parties signing below, has or have executed this Release, as of the date so noted.

_____ Date: _____
Claimant

_____ Date: _____
Implant Claimant's Spouse

_____ Date: _____
Other Releasing Party

**EXHIBIT A**

## <u>ADDITIONAL AUTHENTICATION</u>

**Witness:**
I declare under penalty of perjury that, on the date indicated above, _____,
who I know and recognize came before me and I witnessed him/her personally signing this "Release
and Indemnity" document

DATED: _____

**Witness Signature:** _____

**Witness Print Name:** _____

**Address:** _____

---

**Witness:**
I declare under penalty of perjury that, on the date indicated above, _____,
who I know and recognize came before me and I witnessed him/her personally signing this "Release
and Indemnity" document

DATED: _____

**Witness Signature:** _____

**Witness Print Name:** _____

**Address:** _____

---

**Witness:**
I declare under penalty of perjury that, on the date indicated above, _____,
who I know and recognize came before me and I witnessed him/her personally signing this "Release
and Indemnity" document

DATED: _____

**Witness Signature:** _____

**Witness Print Name:** _____

**Address:** _____

ATTACH COPY OF CLAIMANT'S AND/OR OTHER RELEASING PARTY'S
GOVERNMENT-ISSUED PHOTO IDENTIFICATION WITH SIGNATURE
(e.g., driver's license)

14 of 15

**EXHIBIT A**

## ADDITIONAL AUTHENTICATION
### (To be used by New Mexico residents)

STATE OF       §
COUNTY OF      §

   BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Release and Indemnity, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed and in the capacity therein expressed.

   Given under my hand and seal of office this _____ day of _____, 201__.


       _____
       Notary Public in and for the State of

STATE OF       §
COUNTY OF      §

   BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Release and Indemnity, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed and in the capacity therein expressed.

   Given under my hand and seal of office this _____ day of _____, 201__.


       _____
       Notary Public in and for the State of

STATE OF       §
COUNTY OF      §

   BEFORE ME, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing Release and Indemnity, and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed and in the capacity therein expressed.

   Given under my hand and seal of office this _____ day of _____, 201__.


       _____
       Notary Public in and for the State of

**EXHIBIT B-1**

## <u>NEOMEDIC TVM SETTLEMENT PROGRAM</u>

### <u>Registration Form for Claimants Represented by Counsel</u>

1.  I, the attorney at law named below, am admitted to practice and in good standing in the courts of the following states: _____.  I am a _____ [partner/shareholder/etc.] in the law firm _____ (the "Firm").

2.  The Firm represents one or more clients who (a) have had implanted one or more Neomedic Pelvic Repair System Product(s) ("Implant Claimants," and each an "Implant Claimant"), and/or (b) are asserting a claim on behalf of an Implant Claimant who is not legally capable of asserting her own claim (*e.g.*, a personal representative of an estate of a deceased Implant Claimant) (collectively, "Claimants" and each a "Claimant").  Each such Claimant is identified on Exhibit 1 hereto.  All known Claimants represented by the Firm are identified on Exhibit 1 hereto.

3.  By submitting this Registration, I am hereby registering all of the Firm's Claimants, identified on Exhibit 1 hereto, in the Settlement Program.

4.  If, after submitting this Registration Form, I subsequently become aware that a client of the Firm has had a Neomedic Pelvic Repair System Product(s) implanted, or is asserting a claim on behalf of an Implant Claimant who is not legally capable of asserting her own claim, I will notify the Trustee and register such client with the Program on or before January 31, 2016.

5.  By submitting this Registration, I, on behalf of my Firm's clients, acknowledge and consent to the terms of the Program, including the stay of all civil actions and discovery relating to Neomedic Pelvic Repair System Product(s).


By:

Name: _____

Email Address: _____

Firm Name: _____

Telephone #: _____

Firm Address: _____


_____                    _____
Signature                                                                        Date

**NEOMEDIC TVM SETTLEMENT PROGRAM**

**REGISTRATION FORM - EXHIBIT 1**

| # | Implant Claimant's Last Name | Implant Claimant's First Name | Implaint Claimant's DOB | Implant Claimant's SS# | Jurisdiction (if civil action filed/ served) | Civil Action # | Date of Implant(s) of Neomedic Pelvic Repair System Product(s) | Date(s) of Surgical Procedures Performed Under General or Regional Anesthesia  Related to Neomedic Pelvic Repair System Product(s) | Is Implant Claimant Deceased or Incapacitated? (Y/N) | If yes, provide name and relationship of representative party (e.g. , personal representative, guardian) |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | |
| 2 | | | | | | | | | | |
| 3 | | | | | | | | | | |
| 4 | | | | | | | | | | |
| 5 | | | | | | | | | | |
| 6 | | | | | | | | | | |
| 7 | | | | | | | | | | |
| 8 | | | | | | | | | | |
| 9 | | | | | | | | | | |
| 10 | | | | | | | | | | |
| 11 | | | | | | | | | | |
| 12 | | | | | | | | | | |
| 13 | | | | | | | | | | |
| 14 | | | | | | | | | | |
| 15 | | | | | | | | | | |
| 16 | | | | | | | | | | |
| 17 | | | | | | | | | | |
| 18 | | | | | | | | | | |
| 19 | | | | | | | | | | |
| 20 | | | | | | | | | | |
| 21 | | | | | | | | | | |
| 22 | | | | | | | | | | |
| 23 | | | | | | | | | | |
| 24 | | | | | | | | | | |
| 25 | | | | | | | | | | |

**EXHIBIT B-2**

## <u>NEOMEDIC TVM SETTLEMENT PROGRAM</u>

### <u>Registration Form for *Pro Se* Claimants</u>

1. I have had implanted one or more Neomedic Pelvic Repair System Product(s) or am asserting a claim on behalf of an Implant Claimant who is not legally capable of asserting her own claim (*e.g.*, a personal representative of an estate of a deceased Implant Claimant).

2. By submitting this Registration, I am registering in the Settlement Program.

3. By submitting this Registration, I acknowledge and consent to the terms of the Program, including the stay of all civil actions and discovery relating to Neomedic Pelvic Repair System Product(s).


By:

Name: _____

Email Address: _____

Telephone #: _____

Mailing Address: _____


_____          _____
Signature                                  Date

**EXHIBIT C**

THE NEOMEDIC TVM SETTLEMENT PROGRAM TRUST

_____, 201_

**EXHIBIT C**

## THE NEOMEDIC TVM SETTLEMENT PROGRAM TRUST

ARTICLE I
ESTABLISHMENT OF THE SETTLEMENT TRUST

1-1     Creation and Name.   Neomedic International, S.L., Desarrollo e Investigación Médica Aragones, S.L. (DIMA), and Specialties Remeex International, S.L., on their own behalf and on behalf of Neomedic, Inc. (with Neomedic International, S.L., DIMA and Specialties Remeex, International, S.L. , shall be collectively referred to herein as "Neomedic"); together with the Potts Law Firm, the Burnett Law Firm, and Fleming, Nolen & Jez, L.L.P., by and through Derek Potts, Esq., Riley Burnett, Esq., and Karen Beyea-Schroeder, Esq., as Co-Lead Counsel for *In re Neomedic Pelvic Repair System Products Liability Litigation*, MDL No. 2511 ("MDL 2511 Co-Lead Counsel"); and Scott Freeman, as Trustee, hereby enter into this trust agreement (the "Trust Agreement") establishing a trust under Texas state law, which is a qualified settlement fund within the meaning of section 468B of the Internal Revenue Code of 1986, as amended (the "Code") and Treasury Regulation sections 1.468B-1, *et seq.* (such trust the "Neomedic TVM Settlement Trust" or the "Settlement Trust"), with the funds to be held at Amegy Bank (the "Custodian").

1-2     Purpose.   The purpose of the Settlement Trust is to accept, hold and distribute funds in accordance with the Memorandum of Understanding regarding the Neomedic TVM Settlement Program, dated as of November 16, 2015 (the "MOU"), in which Neomedic agrees to offer a settlement for all known claimants who have had implanted one or more Neomedic Pelvic Repair System Product(s) ("Implant Claimant") or are asserting a claim on behalf of such Implant Claimant who is not legally capable of asserting her own claim (collectively, "Claimants"), as well as any and all consortium and derivative claimants.  In furtherance of this purpose, the Settlement Trust shall be administered and operated pursuant to this Trust Agreement and the MOU.

1-3     Trust Estate.   All assets transferred to the Settlement Trust by or on behalf of Neomedic pursuant to the MOU and Section 2-1 of this Trust Agreement, and any earnings thereon, shall be referred to herein as the "Trust Estate," and administered and disbursed under the terms of this Trust Agreement and the MOU.

1-4     Qualification as a Qualified Settlement Fund.   The Settlement Trust is structured and shall be operated in a manner so that it qualifies as a "qualified settlement fund" under section 468B of the Code and Treasury Regulation sections 1.468B-1, *et seq*.  Specifically, the (1) the United States District Court, Southern District of West Virginia, MDL 2511 (the "Court") shall approve the establishment of the Settlement Trust under the terms and conditions of this Trust Agreement and the MOU pursuant to an Order (the "Approval Order"); (2) the Settlement Trust is subject to the continuing jurisdiction and supervision of the Court; (3) the Settlement Trust is established to resolve or satisfy claims of alleged tort or violation of law arising out of implantation of one or more Neomedic Pelvic Repair System Products; and (4) the Settlement Trust is a trust under Texas state law, and its assets are, and will be, segregated from the general assets of Neomedic and its insurer Columbia Casualty Company and deposited herein.  Consistent with the terms of the MOU and this Trust Agreement, the Trustee shall take any action or cause the Settlement Trust to take any action necessary to create and maintain its status as a qualified

**EXHIBIT C**

settlement fund, and the Trustee agrees not to take any action that will adversely affect the qualification of the Settlement Trust as a qualified settlement fund.

1-5    Duties.  The duties, powers and obligations of the Trustee of the Settlement Trust (the "Trustee") shall be as defined in the MOU and this Trust Agreement.

ARTICLE II

PAYMENTS TO THE SETTLEMENT TRUST

2-1    Payment.  Neomedic shall transfer, or cause to be transferred, to the Settlement Trust the settlement consideration specified in the MOU, and at such times as are specified in the MOU.  The Trustee will obtain a tax identification number on behalf of the Trust, execute a W-9, and provide Neomedic with wiring instructions for the custodial bank which will hold the assets of the Trust.

2-2    No Further Obligation.  Following the contribution of the settlement consideration to the Settlement Trust in accordance with Section 2-1, Neomedic and all other Released Parties shall not have any further obligation to contribute to the Settlement Trust.

2-3    Nature of Contributions.  All contributions by or on behalf of Neomedic to the Settlement Trust shall be made in immediately available funds.  Contributions made to the Settlement Trust shall not be construed as fines, penalties, monetary sanctions, or punitive damages.

2-4    Acceptance of Assets.  To further the purposes of this Settlement Trust and the MOU, the Trustee agrees to accept the contributions that Neomedic transfers, or causes to be transferred, to the Settlement Trust, and any earnings thereon, and the Trustee assumes all liability and responsibility for the administration and distribution of the Trust Estate, in accordance with and subject to the terms of this Trust Agreement and the MOU.

ARTICLE III

DISBURSEMENTS FROM THE SETTLEMENT TRUST

3-1    Disbursements from the Settlement Trust. Distributions from the Trust Estate shall be made by the Trustee solely in accordance with the terms of the MOU.

ARTICLE IV

POWERS OF TRUST ADMINISTRATION

4-1    General Powers of the Trustee.  The Trustee is and shall act as the fiduciary of the Settlement Trust in accordance with the provisions of this Trust Agreement, the MOU, and the Approval Order from the Settlement Court approving the Settlement Trust.  The Trustee shall at all times administer the Settlement Trust and the Trust Estate in accordance with the purposes set forth in Section 1-1 above.  Subject to and limited by this Trust Agreement, the MOU, and the Approval Order, the Trustee shall have the power to take any and all actions in the Trustee's

**EXHIBIT C**

discretion where required by this Trust Agreement or the MOU, as the Trustee determines are necessary and/or appropriate to fulfill the purpose of the Settlement Trust.

        4-2    <u>Specific Powers of the Trustee</u>.  Without limiting the generality of Section 4-1 above, and except as limited herein and in the MOU, the powers of the Trustee shall include the following:

        a)    <u>Retention of Trust Estate</u>. The Trustee shall receive, hold, and administer the Trust Estate in the manner delineated in the MOU and this Trust Agreement.

        b)    <u>Investments and Preservation of Principal</u>.  The Trustee shall invest and reinvest the Trust Estate in accordance with the MOU and Section 5-1; provided, however, that notwithstanding any other provision in this Trust Agreement and except with respect to required disbursements as set forth in Section 3-1, the Trustee shall at all times hold, manage, and invest the Trust Estate in a manner designed to preserve the principal of the Trust Estate for the purposes set forth in this Trust Agreement.

        c)    <u>Disbursements</u>.  The Trustee shall make disbursements from the Trust Estate pursuant to Section 3-1 above.  The Trustee shall not distribute any amounts from the Trust Estate other than in accordance with the MOU.

        d)    <u>Payment of Administrative Expenses and Costs</u>.  In accordance with Section 3-1, the Trustee may pay reasonable and necessary fees and expenses imposed upon or incurred in connection with the administration of the Settlement Trust in the discharge of its obligations under this Trust Agreement, including, without limitation, any taxes due and owing in respect of the Settlement Trust as set forth in Section 7-2, and the fees and costs associated with investment advisors, accountants, agents, managers, attorneys, actuaries, auditors, or insurers, which are incurred to maintain and administer the Settlement Trust pursuant to Section 4-2e).

        e)    <u>Retention of Investment Advisors and Other Agents</u>.  The Trustee may engage the services of investment advisors, accountants, custodians, managers, attorneys, or other consultants or agents, as is reasonably necessary to assist with the management of investments and the administration of the Settlement Trust; provided, however, that payment of the fees and costs associated with the engagement of such investment advisors and other agents shall be in accordance with Section 3-1.

        f)    <u>Consultation with Counsel</u>.  The Trustee may from time to time consult with qualified counsel with respect to any question arising as to compliance with this Trust Agreement, and shall be fully protected, to the extent permitted by law and this Trust Agreement (including Section 6-7) in acting in reliance upon the advice of counsel.

        g)    <u>Execution of Documents</u>.  The Trustee has express authority to make, execute, acknowledge, and deliver any and all documents of transfer and conveyance and any and all other instruments permissible pursuant to the MOU and this Trust Agreement.

**EXHIBIT C**

      h)      <u>Litigation</u>.  Subject to the terms of Section 3-1, the Trustee may initiate or defend any litigation relating to or affecting the Settlement Trust, or the Trustee's obligations under the Settlement Trust, and initiate or defend any litigation relating to the MOU, and compromise, arbitrate, or otherwise adjust claims in favor of or against the Settlement Trust.

      i)      <u>Compliance with Law</u>.  The Trustee shall comply with all requirements imposed by applicable law, rule, or regulation in conformity with the MOU.

      j)      <u>Administration of Settlement Program</u>.  The Trustee shall administer the Neomedic TVM Settlement Program in conformity with the MOU, including obtaining, organizing, and transmitting Registration Forms and Registration Documentation, as defined in the MOU; analyzing Releases submitted to the Trustee, and communicating, with Neomedic, the Special Master, and MDL 2511 Co-Lead Counsel regarding the validity of such Releases; and reviewing and analyzing Registration Documentation to allocate and calculate the Settlement Amount, as defined in the MOU, among Claimants.

      4-3      <u>Limitation on Powers of the Trustee</u>.  The Trustee shall not take any actions inconsistent with this Trust Agreement or the MOU, or which would adversely affect the qualification of the Settlement Trust as a qualified settlement fund under section 468B of the Code and Treasury Regulation sections 1.468B-1, *et seq*.  This Trust Agreement shall not be construed to confer on the Trustee any authority to carry on any business or activity for profit.

ARTICLE V

<u>FINANCIAL MANAGEMENT AND REPORTING</u>

      5-1      <u>Investment; Preservation of Principal</u>.  As agreed to by Neomedic and the Trustee, in consultation with MDL 2511 Co-Lead Counsel, the Trustee shall invest and reinvest from time to time the Trust Estate in:  (i) any obligations of, or any obligation guaranteed as to principal and interest by, the United States of America or any agency or instrumentality thereof; or (ii) U.S. dollar denominated deposit accounts with domestic commercial or national banks that have a short term issuer rating on the date of purchase of "A-1" or better by S&P or "Prime-1" or better by Moody's and maturing no more than 360 days after the date of purchase (provided that ratings on holding companies are not considered as the rating of the bank); or (iii) money market accounts or money market funds registered under the Federal Investment Company Act of 1940, whose shares are registered under the Securities Act, and rated "AAAm" or "AAAm-G" or better by S&P, and "Aaa," "Aa1" or "Aa2" if rated by Moody's, including any mutual fund for which the Custodian or an Affiliate of the Custodian serves as investment manager, administrator, shareholder, and/or servicing agent.  All interest on or income realized by investment of the Trust Estate or any portion hereof shall be accumulated and added to the Trust Estate.  Any investment losses realized by investment of Trust Estate or any portion thereof shall be charged to the Trust Estate.  To the extent the Trustee invests any funds in the manner provided for in this Section 5-1, no Party hereto (including the Trustee) shall be liable for any loss(es) which may be incurred by reason of any such investment (or reinvestment).  Such funds should be invested such that the following investment policy is implemented, as appropriate: (i) safety of principal; (ii) zero bank balance

EXHIBIT C

exposure through use of custodial/trust accounts (to avoid the risk of bank deposit forfeiture); and (iii) zero sweep disbursement accounts.

5-2    Preparation of Financial Statements.  No later than the fifth business day of each month, the Trustee shall provide by electronic mail to Neomedic, MDL 2511 Co-Lead Counsel, and the Special Master copies of bank and financial statements for the Settlement Trust sufficient to show the end of month balance for the prior month, as well as amounts paid out, deposited in, transferred to, accrued as interest, assessed as fees, or otherwise moved to or from the Settlement Trust during the prior month.  No later than the tenth business day following the end of each calendar year, the Trustee shall provide by electronic mail to Neomedic, MDL 2511 Co-Lead Counsel, and the Special Master copies of bank and financial statements for the Settlement Trust sufficient to show the end of year balance for the prior calendar year, as well as amounts paid out, deposited in, transferred to, accrued as interest, assessed as fees, or otherwise moved to or from the Settlement Trust during the prior calendar year.  The Trustee shall also, upon request, prepare and deliver by electronic mail to Neomedic, MDL 2511 Co-Lead Counsel, and the Special Master, within ten days of any such request, financial statements for the Settlement Trust, including receipts, disbursements, earnings, or such other additional detail as may be requested.

5-3    Additional Reporting to the Court.  The Trustee shall report to the Court in writing with respect to any matter arising from the administration of the Settlement Trust that the Trustee deems advisable to bring to the attention of the Court or upon request of the Court.  The Trustee shall create and maintain records of the Trustee's activities arising from this Trust Agreement and any orders of the Court.  The records shall be created and maintained in a manner that is ordinary and customary for the obligations imposed by the MOU, any Court order, and this Trust Agreement.  Copies of the records shall be provided to the Court upon its request, subject to any privileges or other protections.  Any privileged or otherwise protected or confidential material shall be provided under seal to the Court.

ARTICLE VI

TRUSTEE

6-1    Trustee Independence.  The Trustee is, and shall be, independent of Neomedic and MDL 2511 Co-Lead Counsel.

6-2    Initial Trustee.  The initial Trustee of this Settlement Trust as approved by the Court in the Approval Order is Scott Freeman (the "Initial Trustee").

6-3    Resignation or Removal.  The Trustee may resign for cause or no cause at any time upon written notice delivered to Neomedic, MDL 2511 Co-Lead Counsel, and the Court, and the Trustee's service terminates immediately upon death.  The Trustee may be removed by joint motion made by Neomedic and MDL 2511 Co-Lead Counsel, and approved by the Court.

6-4    Appointment of Successor Trustee.  Neomedic and MDL 2511 Co-Lead Counsel shall have the power to jointly nominate a successor Trustee, for approval by the Court.  If a successor Trustee is not jointly nominated within sixty days of resignation, removal or death of the Trustee, the Court shall have the power to appoint a corporate Trustee qualified under local

**EXHIBIT C**

Court rules to perform service as successor Trustee from five nominees of Neomedic and MDL 2511 Co-Lead Counsel.  Unless otherwise ordered by the Court, acceptance of appointment as a successor Trustee shall be in writing and shall become effective upon receipt by the Court of notice of such acceptance.  Immediately upon approval by the Court of, and acceptance of the office by, any successor Trustee, all rights, titles, duties, obligations, powers, and authority of the predecessor Trustee under this Trust Agreement shall be vested in and undertaken by the successor Trustee without any further act being required.

6-5    <u>Compensation and Expenses of Trustee</u>.  The Trustee shall be compensated for services performed as set forth in the MOU and this Trust Agreement, and any fees, costs, and expenses incurred, provided that under no circumstances shall the Trustee be entitled to payment of fees, costs, and expenses in excess of the maximum amount(s) provided in the MOU.  Payments to the Trustee shall be made from the Trust Estate and disbursed pursuant to Section 3-1.  The Trustee shall be promptly reimbursed such fees, costs, and expenses, including reasonable attorneys' fees and expenses suffered or incurred by Trustee in connection with the performance of its duties and obligations hereunder, including without limitation, accountancy and tax return preparation fees incurred in connection with the performance of the duties set forth in ARTICLE VII hereof and all actions necessary or advisable with respect thereto (including, without limitation, the payment of any professional fees and expenses related thereto).

6-6    <u>Preservation of Record of Changes to Trustee</u>.  A copy of each instrument of resignation, removal, appointment, and acceptance of appointment shall be attached to an executed counterpart of this Trust Agreement in the custody of the Court.

6-7    <u>Indemnification</u>.  Each Trustee, whether initially named or appointed as a successor Trustee, acts as a Trustee and not personally.  With respect to any contract, obligation, or liability made or incurred by the Trustee in good faith, while the Trustee is complying with the terms of this Trust Agreement or any valid Court order, all persons shall look solely to the Settlement Trust and not to the Trustee personally.  The Trustee shall not incur any liability, personal or corporate, of any nature in connection with any act or omission of the Trustee in the administration of the Settlement Trust or otherwise pursuant to this Trust Agreement, unless the Trustee commits fraud, acts negligently, or otherwise breaches its fiduciary duties or a term of its appointment.  The Trustee shall be indemnified and held harmless by the MOU, so long as the Trustee complies with the terms of the MOU and this Trust Agreement, the prudent investor rule and any valid Court order, unless the Trustee commits fraud, acts negligently or otherwise breaches its fiduciary duties or term of its appointment.  This indemnification and hold-harmless provision shall cover all expenses reasonably incurred by such Trustee in defense of the aforementioned acts or omissions of the Trustee.

ARTICLE VII

<u>TAX ISSUES</u>

7-1    <u>Generally</u>.  As set forth in Section 1-4 above, the Settlement Trust is structured and shall be operated in a manner so that it qualifies as a "qualified settlement fund" under section 468B of the Code and Treasury Regulation sections 1.468B-1, *et seq*.  Consistent with the terms of the MOU and this Trust Agreement, the Trustee (a) shall take any action or cause the Settlement

- 6 -

EXHIBIT C

Trust to take any action necessary to create and maintain its status as a qualified settlement fund, and (b) the Trustee shall take no actions that will adversely affect the qualification of the Settlement Trust as a qualified settlement fund.  The Trustee shall serve as the "administrator" within the meaning of Regulation Section 1.468B-2(k)(3).

      7-2    <u>Tax Preparation, Payment, Reporting, and Withholding Requirements</u>.  In the Trustee's role as "administrator" of the Settlement Trust within the meaning of Treasury Regulation section 1.468B-2(k)(3), the Trustee shall be responsible for the timely and proper performance of the  undertakings specified in the regulations promulgated under section 468B of the Code, including, but not limited to, the obtaining of an employer identification number for the Settlement Trust; the filing of all required federal, state or local tax and information returns in accordance with the provisions of Treasury Regulation section 1.468B-2(k)-(l); any required withholding of tax; the payment of any federal, state or local taxes (including estimated taxes) and associated tax-related penalties and interest for which the Settlement Trust may be liable,  in accordance with Section 3-1;  responding to any questions from or audits regarding such taxes by the Internal Revenue Service or any state or local tax authority; and compliance with any other tax-related requirements.  The Trustee may, in accordance with Sections 3-1 and 4-2, retain and compensate independent, certified public accountants to consult with and advise the Trustee with respect to the preparation of any and all appropriate income tax returns, information returns, or compliance withholding requirements.  In no event shall Neomedic have any liability or responsibility for any amounts payable by the Settlement Trust or Trustee pursuant to this Section 7-2, and Neomedic shall be indemnified and held harmless for such amounts by the Settlement Trust.

      7-3    <u>Savings Provision</u>.  Notwithstanding anything herein to the contrary, in the event that any portion of this Trust Agreement shall at any time be considered to cause the Settlement Trust to fail to qualify as a qualified settlement fund under section 468B of the Code together with any and all Treasury Regulations and Internal Revenue Service Notices, Announcements and directives thereunder, such offending portion of this Trust Agreement shall be considered null, void, and of no effect, without any action by any court or by the administrator, so that this Settlement Trust continues to qualify as a qualified settlement fund in compliance with section 468B of the Code and the applicable administrative authority and announcements thereunder.  In the event that this Section 7-3 applies to render an offending Section null, void, or of no effect, the remainder of this Trust Agreement shall not be affected thereby, and each remaining term and Section of the Agreement shall be valid and enforced to the fullest extent permitted by law. Further, notwithstanding any effort or failure of the Trustee and the other Parties to treat the Settlement Trust as a "qualified settlement fund" within the meaning of section 1.468B-1 of the Treasury Regulations effective as of the date hereof, any additional tax liability, interest or penalties incurred by Neomedic resulting solely from the income earned by the Settlement Trust and for no other reason, Neomedic shall be reimbursed from the Trustee in the amount of such additional tax liability, interest or penalties resulting from the income earned by the Settlement Trust upon Neomedic's written request to the Trustee, subject to agreement of MDL 2511 Co-Lead Counsel, which shall not be unreasonably withheld.

**EXHIBIT C**

ARTICLE VIII

TERMINATION AND WINDING UP

The Settlement Trust shall be terminated upon the occurrence of both of the following: (a) no additional amounts are distributable from the Settlement Trust in accordance with the MOU (either because no Trust Estate remains in the Settlement Trust, or because all of the Settlement Trust's obligations have been discharged pursuant to the MOU), and (b) the Court has approved termination of the Settlement Trust, pursuant to petition of Neomedic, MDL 2511 Co-Lead Counsel, or the Trustee. Should Neomedic, MDL 2511 Co-Lead Counsel, or the Trustee determine that the Settlement Trust may be properly terminated pursuant to this ARTICLE VIII, such party may submit a petition for termination of the Settlement Trust to the Court. After reviewing the petition and in accordance with the MOU, the Court may terminate the Settlement Trust or may order the Settlement Trust to undertake such further actions as the Court deems necessary and appropriate pursuant to the MOU. Subject to the MOU, the Trustee shall finalize distributions from the Trust Estate in accordance with Section 3-1. The Trustee is authorized, upon such final distribution of the Trust Estate, to take appropriate steps to conclude the Settlement Trust and thereafter the Trustee is discharged from any further responsibility with respect to the Settlement Trust.

ARTICLE IX

GENERAL PROVISIONS

9-1    Governing Law. This Trust Agreement creates a trust under the laws of the State of Texas, and the validity, construction, and interpretation of this Trust Agreement, and the rights created hereunder, shall be governed by the laws of the State of Texas without regard to choice of law provisions, except that all matters of federal tax law and the Settlement Trust's compliance with section 468B of the Code and the Treasury Regulations promulgated thereunder shall be governed by federal income tax law.

9-2    Number, Gender, Headings, and Construction. As used in this Trust Agreement, words in the singular include words in the plural and words in the plural include the singular, and the masculine and neuter genders shall be deemed to include the masculine, feminine, and neuter. The descriptive headings for each article of this Trust Agreement shall not affect the interpretation or legal efficacy of this Trust Agreement. This Trust Agreement shall be construed so as to be consistent with the terms of the MOU and, in the event of any conflict between the terms of this Trust Agreement and the terms of the MOU, the terms of the MOU shall control.

9-3    No Admission of Liability. It is agreed that neither the act of entering into this Trust Agreement or the MOU nor any contribution to the Settlement Trust nor any action taken under this Trust Agreement or the MOU shall be deemed to constitute an admission of any wrongdoing, liability, or fault on the part of the Trustee or Neomedic, nor shall it be construed as any acknowledgment by Neomedic that any Claimant has or may bring any claim or cause of action against Neomedic in any court of law or other forum, nor does it continue a commitment or agreement, either express or implied, by any or all of them to undertake any further activities outside the scope of this Trust Agreement or the MOU. No action taken under this Trust

- 8 -

**EXHIBIT C**

Agreement or the MOU shall be admissible in evidence before any court or other tribunal to establish or refute liability in relation to any claim relating to any Neomedic Pelvic Repairs System Product. Nor shall action taken under this Trust Agreement or the MOU constitute or be used as precedent in any future matter involving Neomedic.

       9-4    <u>Counterparts</u>. This Trust Agreement may be executed in two or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

       9-5    <u>Severability</u>. Should any provision of this Trust Agreement be determined to be unenforceable, such determination shall in no way limit or affect the enforceability and operative effect of any and all other provisions of this Trust Agreement.

       9-6    <u>Jurisdiction</u>. The Settlement Trust is subject to the continuing jurisdiction of the Court, and the Parties accept jurisdiction of the Court for purposes of the Trust Agreement.

       9-7    <u>Amendments, Alterations, and Revocation</u>. The Settlement Trust may be amended or altered from time to time, or revoked by an instrument in writing executed by all of Neomedic, MDL 2511 Co-Lead Counsel and the Trustee, and approved by order of the Court.

       9-8    <u>Entire Agreement; No Waiver</u>. This Trust Agreement and the MOU together contain the entire agreement of the Parties relating to the subject matter of this Trust Agreement, and other than the MOU, this Trust Agreement supersedes any prior oral or written agreements concerning the subject matter hereof. This Trust Agreement shall be construed so as to be consistent with the terms of the MOU and, in the event of any conflict between the terms of this Trust Agreement and the terms of the MOU, the terms of the MOU shall control. No failure to exercise or delay in exercising any right, power, or privilege hereunder shall operate as a waiver thereof; nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any further exercise thereof or of any other right, power, or privilege. The rights and remedies herein provided are cumulative and are not exclusive of rights under law or in equity.

*[Signatures on following page; remainder of this page intentionally left blank]*

**EXHIBIT C**

  IN WITNESS WHEREOF, this twelve (12) page Trust Agreement has been executed by Neomedic as Settlor, MDL 2511 Co-Lead Counsel, and the Trustee all as of the date indicated on the cover page above.

**SO AGREED ON BEHALF OF NEOMEDIC, AS SETTLOR:**

By: _____

   Ernest F. Koschineg, III
   Cipriani & Werner, P.C.
   450 Sentry Parkway East
   Suite 200
   Blue Bell, PA  19422
   610.567.0700 (phone)
   610.567.0712 (facsimile)
   ekoschineg@c-wlaw.com

**SO AGREED ON BEHALF OF MDL 2511 CO-LEAD COUNSEL:**

By: _____

   Derek H. Potts, Esq.
   The Potts Law Firm, LLP
   100 Waugh Drive, Suite 350
   Houston, TX
   713.963.8881 (phone)
   713.583.5388 (facsimile)
   dpotts@potts-law.com

By: _____

   Riley L. Burnett, Jr., Esq.
   Burnett Law Firm
   55 Waugh Drive, Suite 803
   Houston, TX  77007
   832.413.4410 (phone)
   832.900.2120 (facsimile)
   rburnett@burnettlaw.com

By: _____

   Karen Beyea-Schroeder, Esq.
   Fleming, Nolen & Jez, LLP
   2800 Post Oak Boulevard, Suite 4000
   Houston, TX  77056
   713.621.7944 (phone)
   713.621.9638 (facsimile)
   Karen_Beyea-Schroeder@fleming-law.com

**EXHIBIT C**


**SO AGREED ON BEHALF OF SCOTT FREEMAN, AS TRUSTEE**


By:    _____
      Scott Freeman
      Trustee
      5847 San Felipe, Suite 4550
      Houston, Texas 77057
      888.284.0332 (phone)
      713.513.5572 (facsimile)
      scott@settleement-alliance.com

**EXHIBIT C**

## <u>ACCEPTANCE OF TRUST ESTATE</u>

Scott Freeman, named as the Trustee of the Neomedic TVM Settlement Trust accepts this appointment and the assets to be transferred to the Neomedic TVM Settlement Trust to be held, administered and distributed as provided in this Trust Agreement.

WITNESS the execution hereof of the Trustee on this _____ day of _____, 2015.

By: _____
            Scott Freeman